# Messinger, Appellant, v. Lehigh Valley Railroad Company.

*Workmen's compensation law — Referees — Board—Findings of fact—Conclusiveness—Parties engaged in interstate commerce— Disallowance of claim — Appeal — Certiorari—Evidence—Competency—Act of June 2, 1915, P. L. 736.*

1. Section 409 of the Workmen's Compensation Law of June 2, 1915, P. L. 736, providing that "the board's findings of fact shall in all cases be final," comprehends all instances where the board either adopts the findings of the referee or makes its own findings after a hearing de novo, and if the board errs in its findings of fact the courts can grant no relief.

2. Where a referee disallows a claim for compensation on the ground that at the time of accident the employer and employee were engaged in interstate commerce and that the Workmen's Compensation Act of Pennsylvania was therefore not applicable, the affirmance of the findings and conclusion of the referee by the board is final and the Common Pleas properly dismissed the appeal therefrom.

3. As the case is before the appellate court on certiorari, the competency of the evidence before the referee to sustain his findings of fact cannot be considered.

Argued March 25, 1918. Appeal, No. 50, Jan. T., 1918, by plaintiff, from judgment of C. P. Philadelphia Co., Dec. T., 1917, No. 788, dismissing appeal from Workmen's Compensation Board sustaining findings of fact by referee in case of Myrtle Messinger v. Lehigh Valley

Railroad Co.   Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ.   Affirmed.

Appeal from Workmen's Compensation Board.   Before BARRATT, J.

The facts appear by the opinion of the Supreme Court.

The lower court dismissed the appeal from the Workmen's Compensation Board.   Plaintiff appealed.

*Error assigned,* among others, was in dismissing the appeal.

*Ulysses S. Koons,* for appellant.

*Benjamin O. Frick,* with him *Prichard, Saul, Bayard & Evans,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, May 6, 1918:

Plaintiff claimed compensation for the death of her husband, who was accidentally killed in the course of his employment with defendant; the referee disallowed the claim on the ground that, at the time of the accident, "the employer and employee were then engaged in interstate commerce," and, therefore, the Workmen's Compensation Act of Pennsylvania could not apply, citing New York Central R. R. Co. v. Winfield, 244 U. S. 147, 152, and Erie R. R. Co. v. Winfield, 244 U. S. 170, 172.

An appeal was taken to the Workmen's Compensation Board, attacking the underlying findings of fact made by the referee on the ground that they were not supported by the evidence in the case, and the ultimate or controlling finding on the ground that "absolutely no evidence" had been introduced to sustain it.   The board affirmed the findings and conclusion of the referee, and dismissed the appeal; whereupon the case was removed to the Common Pleas (of Philadelphia County), which tribunal affirmed the order of the board.   Plaintiff then appealed to this court.

Appellant states two questions involved: (1) "Are the findings of fact by the Workmen's Compensation Board ......, upon appeal from the referee, final in cases where there is no testimony whatever to support said findings of fact?" (2) "Was there any competent, legal evidence before the referee to sustain his finding of fact that appellant's husband was injured while engaged in an act of interstate commerce?"

Section 409 of the Act of June 2, 1915, P. L. 736, 751, provides that "the board's findings of fact shall in all cases be final." This provision comprehends all instances where the board either adopts the findings of the referee or makes its own findings after a hearing de novo; and, as recently ruled by us in Poluskiewicz v. P. & R. C. & I. Co., 257 Pa. 305, 307, if the board errs in its findings, the "courts can grant no relief."

Here there are no subordinate, underlying findings as to the character of evidence upon which the ultimate or controlling findings rest, and, since the case before us is on certiorari, the testimony taken by the referee is no part of the record; hence we are not in a position to determine the propositions stated by appellant.

In McCauley v. Imperial Woolen Company, 261 Pa. 312, we make a rather minute examination of the Act of 1915, supra, and fully discuss the relative rights, duties and jurisdiction of the compensation board and courts thereunder; it would serve no useful purpose to go over the same ground again.

The assignments of error are overruled, and the judgment of the court below is affirmed.