# Belmonte v. Connor, Appellant.

*Workmen's compensation—Finding of fact by referee and compensation board—Conclusiveness—Review by court.*

A finding by the referee and the compensation board that a workman at the time he was killed was an employee and not an independent contractor is conclusive and not reviewable by the court on appeal.

Argued Jan. 9, 1919. Appeal, No. 10, Jan. T., 1919, by defendant, from judgment of C. P. No. 2, Philadel-

phia Co., Dec. T., 1917, No. 1030, dismissing appeal from an award of the Workmen's Compensation Board, which affirmed the award made by the referee, in the case of Catarina Belmonte v. Thomas Connor. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Appeal from award of compensation board.

The referee found that plaintiff's husband was an employee at the time he was injured and made an award of compensation, which was affirmed by the compensation board. The court affirmed the award. Defendant appealed.

*Error assigned* was dismissing exceptions to the decision of the compensation board.

*William G. Wright,* with him *R. P. F. Maxwell,* for appellant.—The only issue before the referee at the hearing was whether the decedent was an employee of the defendant: Harrison v. Collins, 86 Pa. 153; Thomas v. Altoona, etc., R. R., 191 Pa. 361; Miller v. Merritt, 211 Pa. 127.

The burden of proof to establish this issue rested upon the claimant: Hunt v. Penna. R. R., 51 Pa. 475; McCaullough v. Shoneman, 105 Pa. 169; Connor v. Penna. R. R. Co., 24 Pa. Superior Ct. 241.

The jurisdiction of this court is merely to "inspect the record, to ascertain whether the judgment in question is in conformity therewith": McCauley v. Imperial Woolen Co., 261 Pa. 312.

The opinion of the board affirming the referee could not add anything to the referee's findings and opinion: McCauley v. Imperial Woolen Co., 261 Pa. 312.

*Owen J. Roberts,* with him *Francis S. Goglia,* for appellee.—This court will not go beyond the record: Mc-

Cauley v. Imperial Woolen Co., 261 Pa. 312; Messinger v. Lehigh Valley Railroad Co., 261 Pa. 336.

It affirmatively appears in the referee's findings that defendant had the right to direct the details of the work: Smith v. State Workmen's Insurance Fund, 262 Pa. 251.

PER CURIAM, February 17, 1919:

The only question before the referee and the compensation board, which was one of fact, was as to the relation which the husband of the appellee sustained to the appellant at the time he was killed. The finding of the board was that he was an employee, and not an independent contractor, as the defendant contended. This finding is conclusive: Messinger v. Lehigh Valley R. R. Co., 261 Pa. 336.

Appeal dismissed and award affirmed.