## Gallagher *v.* Walton Mfg. Co. et al., Appellants.

*Workmen's compensation — Finding of fact by compensation board—Review by court.*

A finding of fact by the referee approved by the compensation board, to the effect that a deceased workman was engaged in the course of his employment at the time of the accident which resulted in his death, is one of fact, and will not be reviewed by the court.

Argued Jan. 23, 1919.    Appeal, No. 224, Jan. T., 1919, by defendants, from judgment of C. P. No. 3, Philadelphia Co., June T., 1918, No. 2870, dismissing an appeal from an award of the Workmen's Compensation Board in the case of Anna Gallagher v. P. M. Walton Manufacturing Company and Manufacturers' Casualty In-

surance Company, Insurance Carrier for Defendant. Before BROWN, C. J., STEWART, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Appeal from an award of Workmen's Compensation Board.

The facts found by the referee were in part as follows:

On June 23, 1917, and for some time previous thereto, Harry Gallagher was in the employ of the defendant, whose business was that of machine manufacturer, and whose place of business was at 1019-29 Germantown avenue, Philadelphia, Pennsylvania, as a driver, and in said employment on that date his wages were fourteen dollars ($14) per week, and were payable weekly. On the morning of June 23, 1917, Harry Gallagher had received instructions from his employer to go to Harrington's, Seventeenth and Callowhill streets, and get some gear wheels; to go to the Hub Machine Welding & Contracting Company to get a brace to be welded; and to go to G. A. Hodson, 226 Arch street, to get a pulley; and was also instructed to go to the Ericcson Line Pier, Pier 3, South, between Market and Chestnut streets, in order to get some freight. He had left the stable with his team in the morning, and about one o'clock he stopped at the blacksmith shop of Mr. T. F. Gaffney, 911 North Second street, Philadelphia, at which he usually had his horses shod. There he met Charles F. Johns, a friend of his, who was an employee of Mr. Gaffney. Johns got on the wagon, and they drove up Second street and west on Widley street, then through Widley street and another street around Berks street, then through Cambridge street and over Fourth street to Girard avenue, and west on Girard avenue to Sixth street and Girard avenue in front of the Eagle Hotel, where Dr. Delany, a veterinarian, resided and had his office. Gallagher had gone up here for the purpose of seeing Dr. Delany for advice relative to the horses. Gallagher and Johns got off the wagon and went into the bar with Dr.

Delany, where they had one drink, and after stopping there a few minutes they returned to the wagon, and Gallagher and Johns got on the wagon. They then drove west on Girard avenue to Darien street, and turned north on Darien street, and stopped at 1222 North Darien street, where Johns lived. They went into Johns's house and remained there about twenty-five minutes, sending out for a kettle of beer. After that, they got on the wagon, turned the horses south on Darien street, and went south on Girard avenue, then east on Girard avenue to Fourth street, then south on Fourth street and over George street on their way directly to the defendant's place of business, which was at 1025 Germantown avenue, Philadelphia. After they had crossed Third street and were near Bodine street just east of Third street, Gallagher fell off the wagon and sustained certain injuries. When the wagon was returned to the defendant's place of business, it had on it all of the things for which Gallagher had been sent, except the freight from the Ericcson Line Pier.

In addition to being a driver, Gallagher took care of the stable, and ordinarily his work would be finished on Saturday at about twelve or one o'clock, and he would return in the evening to take care of the horses. At the time of the occurrence of the injury, Gallagher was in the course of his employment with the defendant. He had gone to the hotel to see Dr. Delany in order that he might consult him with reference to the defendant's horses, of which he had charge; and even if it might be considered that, in going to his friend's house on Darien street above Girard avenue, it was out of the direction in which he should have gone had he gone directly back to the place of business from the veterinarian's office, certainly, after he had returned to Sixth street and Girard avenue, and was proceeding from there to his employer's place of business, he had returned to the course of his employment. He had not relinquished his employer's team nor the goods which he was taking to his em-

ployer's place of business, and he was on his way to return his team and deliver the goods to his employer. He had no certain hours of employment. We are not ready to conclude that he had even left his employment when he had gone to his friend's house on the way back to the employer's place of business, but we feel that it is unnecessary for us to decide this question, for, as stated above, even had he left the course of his employment, certainly at the time of the accident he had returned to it.

As a result of the injuries sustained as aforesaid, Harry Gallagher died June 23, 1917, at the Roosevelt Hospital, Philadelphia, Pennsylvania.

The compensation board affirmed the above findings of fact.

The court dismissed the appeal from the order of the compensation board.

*Error assigned* was the order of the court.

*Archibald T. Johnson,* with him *Russell Duane,* for appellants.

*Michael D. Hayes,* with him *Francis M. McAdams,* for appellee.

PER CURIAM, February 17, 1919:

The question whether the decedent was engaged in the course of his employment at the time of the accident which resulted in his death was one of fact. The finding of the referee, approved by the compensation board, was "at the time of the occurrence of the injury Gallagher was in the course of his employment with the defendant." This is conclusive: Poluskiewicz v. Philadelphia & Reading Coal & Iron Company, 257 Pa. 305; Messinger v. Lehigh Valley R. R. Company, 261 Pa. 336.

Appeal dismissed and award affirmed.