## OKLAHOMA PIPE LINE CO. v. LINDSEY et al.

No. 16215—Opinion Filed Oct. 6, 1925.

Rehearing Denied Dec. 15, 1925.

(Syllabus.)

1. **Master and Servant—"Independent Contractor."**

An independent contractor is one who exercises an independent employment and contracts to do a piece of work, according to his own methods, and without being subject to the control of his employer, except as to the results of the work.

2. **Same—Question of Fact Under Workmen's Compensation Law—Conclusiveness of Findings.**

Whether a workman is an employe or an

independent contractor is a question of fact upon which the judgment of the Industrial Commission is conclusive, where the facts are in dispute. It only becomes a question of law when no other inference can reasonably be drawn from the facts than that the workman was an independent contractor. The decision of the Commission that the workman is an employe and not an independent contractor is conclusive where the facts are in dispute.

**3. Same.**

The finding of fact by the Industrial Commission, where there is evidence reasonably tending to support it, is binding upon this court.

Error from State Industrial Commission.

Action by the Oklahoma Pipe Line Company to review award of workman's compensation to D. P. Lindsey. Affirmed.

West, Gibson, Sherman, Davidson & Hull, for petitioner.

George F. Short, Atty Gen., Fred Hansen, Asst. Atty. Gen., and Phillips & Phillips, for respondents.

PHELPS, J. The circumstances out of which this case arose are substantially as follows: The Oklahoma Pipe Line Company was engaged in laying a pipe line and constructing houses, pumping stations, etc., near the town of Bokchito, having in its employ about 160 men. Through its agents it made an oral contract with James B. Slaton to drill a water well; it being understood that he should furnish the drilling rig and the Oklahoma Pipe Line Company should furnish the casing, and he should receive so much per foot for the drilling. Slaton employed others, including the claimant, D. P. Lindsey, to assist him in the drilling operation, and claims for their compensation for their labor were O. K.'d by Slaton, presented to and paid by the company.

The evidence discloses that during the time the well was being drilled there were four or five men, at times, employed. While engaged in this employment the claimant, Lindsey, met with an accident, resulting in the loss of the four fingers off the right hand. Proper application was made to the State Industrial Commission for compensation under the Workmen's Compensation Act, and after a hearing, at which all parties appeared and evidence was introduced, the Industrial Commission found that the claimant was entitled, because of said injuries, to 100 weeks' compensation at $17.31 per week, or a total sum of $1,731, and entered its order directing that James B. Slaton and the Oklahoma Pipe Line Company

pay said amount, from which order of the Industrial Commission plaintiffs in error prosecute this appeal, basing their claim for reversal of this order upon four grounds, viz.: That the State Industrial Commission erred in finding as a fact that on the day of the injury complained of James B. Slaton had more than one person employed; that the Commission erred in finding that Slaton was not an independent contractor; that the Commission erred in finding that the daily wage of the claimant, D. P. Lindsey, was $4.50 per day; and further erred in finding that the claimant, Lindsey, was entitled to the amount of compensation awarded.

A considerable portion of the brief of plaintiffs in error is devoted to the question as to whether Slaton was an employer of more than one man at the time of the accident. The record discloses that during the drilling operations Slaton had two men employed, who, together with himself, were drilling the well. The record further discloses that in cases of emergency the Pipe Line Company did, on several occasions, transfer two or three other men to assist him on the job. The claimant testified that on the day of the injury he and Slaton and Slaton's brother were all working on the job. Slaton and Slaton's brother both testified that, while the third man was around the machinery and did a few odd jobs, doing some work that day, he was not on the pay roll and received no pay for the work he did that day. In our judgment, the claim, contention, and evidence that, although the third man was present and did some work, he was not an employe is merely "straining at a gnat," and the Industrial Commission was abundantly justified in finding from the evidence that Slaton was, in contemplation of the Workmen's Compensation Act, an employer of more than one man at the time the accident occurred.

Plaintiffs in error also argue that the Industrial Commission committed error in finding that Slaton was not an independent contractor, but, according to the rule laid down in Federal Mining & Smelting Co. v. Thomas, 99 Okla. 24, 225 Pac. 967, that contention is without merit. In the first paragraph of the syllabus it is there stated:

"An independent contractor is one who exercises an independent employment, contracts to do a piece of work, according to his own methods, and without being subject to the control of his employer, except as to the results of the work."

The record discloses that, while Slaton

was engaged in drilling the well for so much per foot, the foreman of the crew of the Oklahoma Pipe Line Company at times directed some of the operations and sent men to assist in the drilling, even taking the claimant off of the job on one occasion and directing him to do other work for the company.

An examination of the record convinces us that the other two assignments of error are without merit, and under the rule laid down in Federal Mining & Smelting Co. v. Thomas, supra, the finding of the Industrial Commission, as applied to all four assignments of error, is conclusive upon this court. In the second and third paragraphs of the syllabus it is said:

"The finding of fact by the Industrial Commission, where there is evidence reasonably tending to support it, is binding upon this court."

"Whether a workman is an employe or an independent contractor is a question of fact upon which the judgment of the Industrial Commission is conclusive, where the facts are in dispute. It only becomes a question of law when no other inference can reasonably be drawn from the facts that the workman was an independent contractor. The decision of the Commission that the workman is an employe and not an independent contractor is conclusive where the facts are in dispute."

All four assignments of error relate to questions of fact, and, in our judgment, there is evidence reasonably tending to support the finding made by the Industrial Commission, and we are bound thereby. The order of the Industrial Commission is therefore affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, LESTER, HUNT, and CLARK, JJ., concur.