## MAGNOLIA PETROLEUM CO. v. PIERCE.

No. 17345.    Opinion Filed April 10, 1928.

Rehearing Denied Sept. 18, 1928.

(Syllabus.)

1. **Master and Servant—Contract for Sale of Products on Commission Held to Create Relation of Master and Servant Between Principal and Sales Agent and Agent's Employees.**

Where a party by a written contract employed another to sell employer's products under his direction and control at fixed prices within certain territory to be designated by him in which the business shall be conducted by the agent and agent's employees, with the agent's compensation to be paid on a percentage or commission basis of sales made, and with the right of the employer to terminate the contract at any time and for any reason, such contract of employment, as a matter of law, created the relationship of master and servant between the employer and the agent and the agent's employees.

2. **Appeal and Error—Harmless Error—Instructions—Error in Favor of Appellant.**

In a case involving employment under the conditions as set forth in paragraph 1 of the syllabus of this case, submission to the jury for its determination the question of whether or not the agent was an independent contractor or servant of the employer was harmless error, since the jury found that the relationship of master and servant existed.

Commissioners' Opinion, Division No. 1.

Error from District Court, Pittsburg County; O. H. Searcy, Assigned Judge.

Action in tort by J. O. Pierce against the Magnolia Petroleum Company. Judgment for plaintiff, and defendant appeals. Affirmed.

W. H. Francis and Blakeney & Ambrister, for plaintiff in error.

Tom G. Haile and Monk & McSherry, for defendant in error.

TEEHEE, C. In the court below J. O. Pierce, plaintiff, in an action in tort, recovered a judgment of $875 by a jury verdict against the Magnolia Petroleum Company, defendant.

Plaintiff alleged that he suffered personal and property injuries through a collision of defendant's automobile truck, negligently operated by Stanley Neiswander and Charley Cunningham, the agents and employees of defendant, with plaintiff's buggy, in which he was traveling on a public highway in Pittsburg county.

Defendant denied the alleged relationship between it and Neiswander and Cunningham, and further interposed the defense of contributory negligence of plaintiff, and that Neiswander was an independent contractor with Cunningham as his employee under a written contract with defendant, copy of which, by exhibit, was made a part of its answer.

At the trial, upon conclusion of the evidence, defendant moved for a directed verdict. Failing in this, the defendant requested the court to instruct the jury, as a matter of law, that Neiswander was an independent contractor when the plaintiff received his injuries, and that any negligent act on the part of Neiswander or Cunning-

ham could not be binding upon the defendant, for which reason the plaintiff could not recover for such injuries from the defendant. This was by the court refused, and thereupon the question of relationship was submitted to the jury for its determination. The jury, by its verdict, determined that the relationship of master and servant subsisted between the alleged actors contributory to plaintiff's injuries at the time of the collision, and that the defendant was liable therefor.

The rulings of the court upon the question of relationship constitute the principal assignment of error, and thus is presented for our determination the issue of whether or not Neiswander was an independent contractor, or that he and Cunningham were the agents or servants of the defendant. This is to be determined from the terms of a written commission agreement entered into between the defendant and Neiswander, who was designated in the agreement as defendant's agent, whereunder the agent agreed to market defendant's products within certain territory to be designated by defendant at prices fixed by defendant and at specified rates of commission on the sales made by the agent or his employees from stocks furnished by defendant at the agent's place of business. The controlling section of the agreement provided as follows:

"It is expressly understood and agreed that the above rates of commission apply on sales made by agents, and the commission to apply on sales made by salesmen, managers and others, and the commission to apply on transfers between agencies, on home office contracts and on railroad contracts are allowed as full compensation to agent for service to be rendered in connection with the proper handling of the company's business in the territory assigned to the agency. The duties of the agent, in return for said compensation, includes the proper care of stocks of all kinds placed in his charge, storage tanks, warehouse and other equipment, soliciting and carrying on business under the direction of the division manager, and other authorized representatives, and the making of deliveries, the collecting of accounts, the making of reports required, unloading cars, and such other services as may be required for the proper conduct of the business. Agent assumes all liabilities for losses occasioned by his employees and agrees to pay Magnolia Petroleum Company at Dallas, Tex., for all losses suffered by Magnolia Petroleum Company on account of the acts of agent's employees of whatever nature or description That Magnolia Petroleum Company has the right to terminate his contract at any time and for any reason."

Other provisions detailed the method of handling defendant's business, and prohibited sales to the agent or any concern in which he may be interested without first securing the written consent of the defendant's division manager having jurisdiction over the territory in which the agent was to operate. By another section it was provided:

"It is agreed and understood that the Magnolia Petroleum Company is to furnish free of charge the necessary forms, stationery and postage for the proper conduct of the business, all other items of expense to be assumed by the agent."

In execution of the agreement it was established by parol proof that the agent purchased an automobile truck on which was mounted an oil tank owned by defendant and a freight truck. The trucks bore defendant's name. The agent employed Cunningham as a truck driver and to otherwise assist him in handling defendant's business. Defendant furnished what it deemed to be necessary in furtherance of its business, and placed the agent in charge of its warehouse and stock at the point of distribution from which the defendant's business under the agreement was to be handled, and designated the agent's business territory. At the time of the collision the agent's employee was hauling defendant's oil storage tank, which was delivered at the filling station of a customer to whom the tank was rented.

There is no controversy as to the principles of law to be applied in the interpretation of the contract. The controversy arises from the divergent views of the parties as to the character of the relationship established thereunder.

In Standard Oil Co. v. Parkinson, 152 Fed. 681, 82 C. C. A. 29, which involved a state of facts in many respects identical and otherwise substantially the same as the facts in the case at bar with reference to employment, it was said:

"The test of one's liability for the negligent act or omission of his alleged servant is his right and power to command and control his imputed agent in the performance of the causal act or omission at the very instant of its performance or neglect.

"A master is liable for damages caused by the negligence of his servant within the scope and in the course of his employment, although he neither directs nor is aware of it."

In Singer Mfg. Co. v. Rahn, 132 U. S. 518, 10 Sup. Ct. Rep. 175, 33 L. Ed. 440, in which also was involved a state of facts of employment substantially the same as in hand, it was said:

"A master is liable to third persons injured by negligent acts done by his servant in the course of his employment, although

the master did not authorize or know of the servant's act, or neglect, or even if he disapproved or forbade it. Philadelphia & Reading Railroad v. Derby, 14 How. 468, 486. And the relation of master and servant exists whenever the employer retains the right to direct the manner in which the business shall be done, as well as the result to be accomplished, or, in other words, 'not only what shall be done, but how it shall be done.' Railroad Co. v. Hanning. 15 Wall. 649, 656."

In Aisenberg v. C. F. Adams Co., 105 Conn. 419, 111 Atl. 591, a case arising under the Workmen's Compensation Law of Connecticut, with the facts similar in their principal phases to those here involved, it was said:

"To determine whether one is an employee * * * or an independent contractor, the test is the employer's right to direct what should be done, and when and how it should be done, the right to general control, an independent contractor being one who contracts to produce a given result by methods under his own control, and an employee being one who contracts to produce a given result subject to the orders and control of his employer in the means and methods used, and who may be discharged; but, as a rule, it is immaterial how payment is made, whether in wages, salary, or commission, or by the piece or job."

The foregoing cases state the rules of test to be applied to the case at bar, and have been by this court many times applied. Federal Mining & Smeltering Co. v. Thomas, 99 Okla. 24, 225 Pac. 967; Oklahoma Pipe Line Co. v. Lindsey, 113 Okla. 296, 241 Pac. 1092; Chicago, R. I. & P. Ry. Co. v. Bennett, 36 Okla. 358, 128 Pac. 705; Chicago, R. I. & P. Ry. Co. v. Bond, 47 Okla. 161, 148 Pac. 103. See, also, 14 R. C. L. 67, par. 3. etc.; 39 C. J. 1316, sec. 1518. And where the contract is unambiguous, as here, the question is one of law for the court. Muskogee Electric Traction Co. v. Hairel, 46 Okla. 409, 148 Pac. 1005; Chicago, R. I. & P. Ry. Co. v. Bennett, supra; Chicago, R. I. & P. Ry. Co. v. Bond, supra; Gulf, C. & S. Ry. Co. v. Beasley, 67 Okla. 27, 168 Pac. 200.

Under the terms of the contract under consideration, it clearly appears that Stanley Neiswander was employed as agent by the defendant to sell its products under the direction and control of defendant at prices fixed by it, with his compensation to be paid on a percentage basis of the amount of sales made from the stocks furnished at the point of distribution fixed within territory designated by defendant, in which its business through its agent or his employees shall be conducted, and with the right of defendant to terminate such agent's employment at any time and for any reason.

The contract, therefore, as a matter of law, created the relationship of master and servant between the defendant and its agent, and we so hold. Singer Mfg. Co. v. Rahn, supra; Standard Oil Co. v. Parkinson, supra; Aisenberg v. C. F. Adams Co., supra; Federal Mining & Smeltering Co. v. Thomas, supra; Okla. Pipe Line Co. v. Lindsey, supra. And under these authorities the fact that the agent was the owner of the automobile truck operated by his employee at the time of the collision, which resulted in the personal and property injuries to plaintiff, was immaterial. Likewise, under the terms of the contract, this relationship attached between the defendant and Charley Cunningham, the employee of its agent. Linnehan v. Rollins, 137 Mass. 123, 50 Am. Rep. 287; New Orleans, M. & C. R. Co. v. Hanning, 15 Wall. 649, 21 L. Ed. 220; 39 C. J. 1271, sec. 1458. Defendant's liability in the case was therefore fixed by the terms of its contract with its agent.

Having thus concluded the principal question, it necessarily follows that if the court erred in submitting the question of relationship to the jury for its determination, this being more than defendant was entitled to, such submission was harmless. Muskogee Electric Traction Co. v. Hairel, supra.

Accordingly, for the foregoing reasons, the judgment of the district court is affirmed.

HERR, REID, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 39 C. J. p. 1271, §1458; p. 1316, §1518; anno. 65 L. R. A. 447; 17 L. R. A. (N. S.) 371; 19 A. L. R. 226; 14 R. C. L. p. 67; 3 R. C. L. Supp. p. 164; 4 R. C. L. Supp. p. 869; 5 R. C. L. Supp. p. 738; 6 R. C. L. Supp. p. 792. (2) 4 C. J. p. 918, §2890.