23438. AMERICAN CASUALTY COMPANY *et al.* *v.* ADAMS.

</div>

MACINTYRE, J. 1. The Department of Industrial Relations, ruling on the claim of Uldine Adams, widow of Render D. Adams, who was killed while in the employment of the Daniel Lumber Company, for compensation under the workmen's compensation act for the death of her husband, was authorized to find that the deceased met his death by an accident arising out of and in the course of his employment, the evidence demanding a finding that he met his death from electrocution while wiring a dwelling-house belonging to the employer for the reception of electric current. The employer is a corporation, and has the right under its charter to own and rent the dwelling-house in question; and this carries with it the right to prepare the house for occupancy by tenants.

2. The deceased was a skilled electrician. He was working for his employer at the rate of 40 cents an hour. His job was to wire a certain house of his employer for electric current. The evidence showed that the deceased had previously worked for the employer and had worked by the job,—that is, had contracted for the work, but that he was employed on this particular occasion to rewire houses for his employer by the hour, and was carried on the employer's payroll as any other employee; that there was nothing said about the deceased undertaking to do the work in question by contract; that the employer furnished all materials to do the work with, the deceased having nothing to do therewith, an electrical supply house having been instructed by the employer to furnish the deceased with such material as he needed for this work on the account of the employer; that the only instructions given to the deceased were to do the work in accordance with the specifications furnished by the City of LaGrange; that there was no agreement with the deceased as to the number of hours he should work a day, but he was

to finish the work as soon as he could; and that the employer was engaged in general contracting work. The evidence showed also that the deceased did other electrical work by contract and that at the time he was employed by the Daniel Lumber Company in the particular instance under consideration he owed the company a bill, and this bill was credited with pay coming to him for this work; that the deceased was employed on this occasion solely to wire this particular house; that the reason that the employer hired the deceased by the hour was that it would be cheaper for the work to be done in this manner; that there was no supervision by the employer of the work in question, but the employer had or retained the right to supervise this work whenever it saw fit; and that the employer had the right to discharge the deceased whenever and as it saw fit. See *Brown* v. *Smith*, 86 *Ga.* 277 (12 S. E. 411, 22 Am. St. R. 456). In these circumstances, the finding of fact by the director who heard the case, that the deceased was an employee of the Daniel Lumber Company at the time of his death, and not an independent contractor, was authorized, and, having been approved by the full department, and by the superior court on appeal, it will not be disturbed by this court. See *Bentley* v. *Jones*, 48 *Ga. App.* 587 (173 S. E. 737).

3. The award in this case in favor of the widow being supported by the evidence adduced upon the hearing before the single director of the Department of Industrial Relations, the judge of the superior court did not err in denying the appeal of the employer and insurance carrier and entering up judgment in favor of the claimant.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED JULY 3, 1934. REHEARING DENIED SEPTEMBER 29, 1934.

*Smith, Smith & Bloodworth,* for plaintiffs in error.
*L. L. Meadors,* contra.

ON MOTION FOR REHEARING.

MACINTYRE, J. Counsel for the insurance carrier and the employer in this case earnestly urge, in their motion for a rehearing, filed in this court, that the evidence adduced before the single director in this case demanded a finding by that official that the work being performed by the decedent, during the performance of which he met his death, was being done under contract, and that the relation between the employer and decedent was that of employer and independent contractor and not that of employer and servant. Out of deference to learned counsel, we have again closely scrutinized the evidence in the record in this case, and under that broad rule that where there is any competent evidence to support the finding of the single director on a matter of fact, which finding has been approved by the full board and by the superior court on appeal, this

court will not disturb the same, we do not feel constrained to change our original decision in this case. The decedent dealt solely with the vice-president of the employer, a corporation, in undertaking to perform the work during the performance of which he was killed; and that officer swore positively that the work was undertaken by the decedent by the hour and that he was carried on the payroll of the employer like all other employees. He further swore positively that the work was not undertaken by the decedent on contract, because of the peculiar nature of the work, it being more advantageous to the employer to hire the decedent to perform this work by the hour like any other employee than for the decedent to undertake it by the job under contract, that is, it would cost less for it to be performed by the deceased as an employee, paying him for his time by the hour. We do not think that the evidence of the officer of the employer in this respect, and in regard to the fact that he considered that the employer had the right to terminate the employment at any time and discharge the decedent, was wholly a conclusion and worthless as evidence, even though the evidence showed that the employer left it to the employee to carry out his work in accordance with specifications furnished by the City of LaGrange, it being necessary that the particular work be performed in a manner satisfactory to the authorities of said city having charge of its electrical department.

*Rehearing denied. Broyles, C. J., and Guerry, J., concur.*