## TEXAS EMPLOYERS INS. ASS'N v. WRIGHT.

### No. 12263.

Court of Civil Appeals of Texas. Dallas.

July 11, 1936.

Rehearing Denied Sept. 26, 1936.

LOONEY, Justice.

This is a compensation case. Virgil Wright, appellee, alleged employee of the Safeway Stores, Inc., appealed from an adverse award of the Industrial Accident Board, denying him recovery against appellant, Texas Employers Insurance Association, the insurance carrier.

The material facts are these: Appellee a mechanic, specializing in the installation and repair of mechanical refrigerators used in homes and retail stores, was when injured performing this character of service for Safeway Stores, Inc., as required at its forty-five chain stores in the city of Dallas. Under the arrangement, appellee was paid by the hour, was subject to call night or day, was under the orders of Earl Tuggle, market supervisor of the employer, who

directed appellee when to work and on what machines to work. On December 29, 1933, being in the employer's unit No. 43, appellee was directed to some defect or trouble in the refrigerating machine at that place, and while adjusting or repairing same, his right hand was caught between the steel motor pulley and belt and severely injured, as hereafter shown.

Appellant answered by general demurrer and general denial. After overruling appellant's motion for an instructed verdict, the court submitted the case to the jury on ·special issues, in response to which they found that appellee had sustained injury to his right hand in the course of his employment with Safeway Stores, Inc.; that the injury ·resulted in his total incapacity for 26 weeks; that he sustained total loss of the use of the thumb on his right hand for 26 weeks, and partial permanent loss of the use thereof to the extent of 60 per cent.; that he sustained total loss of the use of the index or first finger on his right hand, that same was not permanent (the length of total loss not found), and that he sustained partial permanent loss of said finger to the extent of 40 per cent. of its normal efficiency; that he sustained total permanent loss of the use of the second finger on his right hand; that he sustained total loss of the use of the third or ringer finger on his right hand, not permanent but would exist for 26 weeks, and that he sustained a partial permanent loss of the use of same to the extent of 75 per cent. of its normal efficiency; ·that he sustained the loss of the use of his hand, other than the loss resulting from the injuries to his thumb and fingers, permanent to the extent of 60% of normal efficiency; the jury also found that appellee was not an independent contractor at the. time, as contended by appellant, but was an employee of Safeway Stores, Inc., and that his average weekly wage was $36. These findings are adopted as our conclusions of fact on the issues presented.

On these and other pertinent findings the court rendered judgment in favor of appellee for compensation as follows: $12 per week for 150 weeks, $12 per week for 60 weeks, $8 per week for 45 weeks, $20 per week for 40 weeks, and $15 per week for 21 weeks, to run concurrently from December 28, 1933. In other words, for the first 21 weeks the sum of $67 per week, for the next 19 weeks $52 per week, for the next five weeks the sum of $32 per week, and for the next 15 weeks the sum of $24 per

week, and for the next 90 weeks the sum of $12 per week, or a total of $3,995, to be paid in 150 weeks. From this judgment the appeal was taken.

In different forms, appellant insists that appellee, being an independent contractor, was not covered by the Workmen's Compensation Law (Vernon's Ann.Civ.St. art. 8306 et seq.) ; therefore the judgment rendered in his favor is erroneous.

The nature of appellee's employment is shown by the statement heretofore given. On proper submission the jury found against the contention of appellant, and we think correctly. In the following cases, presenting substantially the same question under similar facts, the courts held that complainants were employees within the meaning of compensation statutes: See Wells v. Lumbermen's Reciprocal Ass'n (Tex.Com.App.) 6 S.W.(2d) 346; Traders', etc., Co. v. Williams (Tex.Civ.App.) 66 S. W.(2d) 780; Liberty Mutual Ins. Co. v. Boggs (Tex.Civ.App.) 66 S.W.(2d) 787; Ochoa v. Winerich Motor Sales Co. (Tex. Com.App.) 94 S.W.(2d) 416; Evans v. Dare Lumber Co., 174 N.C. 31, 93 S.E. 430, 30 A.L.R. 1498; Magnolia Pet. Co. v. Pierce, 132 Okl. 167, 269 P. 1076; Industrial Commission v. Moynihan, 94 Colo. 438, 32 P. (2d) 802; Montain v. Fargo, 38 N.D. 432, 166 N.W. 416, L.R.A.1918C, 600, Ann.Cas. 1918D, 826; Mitchell's Case, 121 Me. 455, 118 A. 287, 33 A.L.R. 1447; Columbia School Supply Co. v. Lewis, 65 Ind.App. 339, 116 N.E. 1; Cardinal v. Prudential Ins. Co., 186 Minn. 534, 243 N.W. 706; American Casualty Co. v. Adams, 49 Ga. App. 427, 176 S.E. 62; Tuscaloosa Compress Co. v. Hagood, 229 Ala. 284, 150 So. 633. We overrule all assignments and propositions pertaining to this phase of the case.

The contention is also made that the judgment is excessive. We sustain this contention. As shown, the aggregate of the amounts awarded for specific injuries to the hand is $3,995, being $995 more than the amount allowed by statute for the loss of an entire hand. The "hand" is defined as being the end of the arm from the wrist outward—consisting of the palm, fingers, and thumb—and although an employee sustaining specific injuries is not limited to the compensation provided for such an injury, but may show that such injuries involved other parts of the body, or affected general health ' [see Texas Employers' Ins. Ass'n v. Neatherlin (Tex.Com.App.) 48

S.W.(2d) 967, 969], yet the statute, article 8306, § 12, after fixing compensation for the loss of a thumb and fingers, concludes as follows: "provided that in no case shall the amount received for the loss of a thumb and more than one finger on the same hand exceed the amount provided in this schedule for the loss of a hand. For the loss of the metacarpal bone (bone or palm) for the corresponding thumb, finger or fingers above, add ten weeks to the number of weeks as above subject to the limitation that in no case shall the amount received for the loss or injury to any one hand be more than for the loss of the hand," then the following: "For the loss of a hand, sixty per cent of the average weekly wage during one hundred and fifty weeks." So, the conclusion, we think inescapable, is that, notwithstanding the findings of the jury in regard to the specific injuries sustained, the compensation recoverable cannot exceed $3,000, same being $20 per week for 150 weeks, allowed for the loss of a hand. Under the findings of the jury that amount we think is recoverable, as the correct measure of appellee's damages.

Having also considered all assignments and propositions not discussed but being of opinion that reversible error is not thereby shown, they are overruled.

In harmony with the foregoing, the judgment below is reformed, and as reformed is here affirmed in favor of appellee for $3000, with interest from the date of the judgment below at the rate of 6 per cent. per annum. All cost incident to the appeal is adjudged against appellee and all other cost incurred is adjudged against appellant.

Reformed and affirmed.