## 68096. GEORGIA POWER COMPANY v. SAFFORD.

BENHAM, Judge.

Appellee was engaged in a program administered by appellant whereby the homes of elderly customers of appellant were made more weatherproof and energy efficient than before. While working in that program, appellee fell and was injured. This appeal is from the judgment of the superior court affirming an award of the State Board of Workers' Compensation in favor of appellee. Appellant's first two enumerations of error are directed to the administrative law judge's determination, adopted by the board, that appellee was an "employee" within the meaning of the Workers' Compensation Act rather than an independent contractor. The third enumeration of error concerns the award of attorney fees to appellee because of appellant's failure to comply with the notice provisions of OCGA § 34-9-221 (d).

1. Appellant first contends that the wrong legal standard was employed in determining that appellee was an employee. Appellant's only argument on that issue is that there was no application of the exception in the definition of an employee found in OCGA § 34-9-1 (2) for "a person whose employment is not in the usual course of the trade, business, occupation, or profession of the employer . . ." Reviewing the record, we find that appellant made no issue of that exception before the ALJ, and there is no evidence to support a finding that the work in which appellee was engaged at the time of his injury was not in the usual course of Georgia Power's business. Since the applicability of the exception to the definition of an employee was not raised, we find no error in the failure of the ALJ, the board, and the superior court to mention the exception or to apply it.

2. The second argument advanced by appellant is that the facts found by the ALJ and adopted by the board did not support the conclusion that appellee was an employee of appellant. We disagree.

The ALJ found that the relationship between the parties to this appeal was based upon a contract which contained a general description of the services expected of appellee, that the contract had no end date, and that the contract provided for payment by the hour for ap-

pellee's services. See *Continental Cas. Co. v. Payne*, 56 Ga. App. 873 (1) (194 SE 428) (1937). The ALJ also found that the contract provided that Georgia Power had the right to terminate appellee's services and that Georgia Power was responsible for providing necessary materials. See *American Cas. Co. v. Adams*, 49 Ga. App. 427 (176 SE 62) (1934). Based on those facts as applied to the cited authority, we hold that the ALJ's findings were sufficient to support the conclusion that appellee was an employee of appellant at the time of appellee's injury.

3. "If the employer controverts the right to compensation, it shall file with the board, on or before the twenty-first day after knowledge of the alleged injury or death, a notice in accordance with the form prescribed by the board, stating that the right of compensation is controverted . . ." OCGA § 34-9-221 (d). An employer's failure to comply with the quoted subsection, without reasonable grounds for that failure, authorizes the award of attorney fees to the claimant. *Raines & Milam v. Milam*, 161 Ga. App. 860 (289 SE2d 785) (1982). In the present case, Georgia Power did not file a notice pursuant to the quoted subsection, and the record does not show that any reason for that failure was advanced below. The ALJ awarded attorney fees based on that failure, and appellant enumerates that award as error.

The reason advanced on appeal for the failure to comply with subsection (d) is that the requirement that a notice to controvert be filed only applies when the person injured is an employee; Georgia Power had taken the position throughout this litigation that appellee was not an employee. We do not find that reasoning persuasive.

The Code requires the notice to be filed "[i]f the employer controverts the right to compensation . . ." There is no specificity in the statute concerning the grounds on which the right to compensation is controverted. Taking appellant's reasoning to its logical extreme, an employer who believed that the employee was not injured or that the injury was not job-related would not have to file a notice to controvert, because such a notice would only be required if the claimant was actually injured and the injury was job-related. Since the apparent purpose of the notice is to set forth the reason the employer is controverting the right to compensation, adoption of appellant's reasoning would render the subsection wholly superfluous. We decline to adopt such an interpretation of the statute.

This court's recent decision in *Carroll v. Dan River Mills*, 169 Ga. App. 558 (313 SE2d 741) (1984), vigorously advanced by appellant in the support of its argument, is inapposite. There, not only did the employer file the notice, but the evidence showed that the notice was filed within 21 days of the date when the employer received actual knowledge of the injury. We find no error in the award of attorney fees to appellee on account of appellant's failure to comply with

OCGA § 34-9-221 (d).
*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JUNE 27, 1984.

*H. Lowell Hopkins, Patrick J. McKenna*, for appellant.
*W. Alexander Byars*, for appellee.