## UNITED STATES ZINC CO. v. ROSS.

No 10856—Opinion Filed July 18, 1922.

(Syllabus.)

1. **Master and Servant—Action for Personal Injuries—Effect of Workmen's Compensation Law.**
Under and by virtue of section 2, article 6, chapter 246, Session Laws of 1915, and as amended by section 14, chapter 14, Session Laws of 1919, the county, superior, or district courts of this state have no jurisdiction to hear and determine actions for damages for personal injuries, not resulting in death, arising and occurring in hazardous employments, as defined in the Workmen's Compensation Act, unless the cause of action comes within some of the exceptions provided in said act, or unless for willful injuries inflicted by the employer.

2. **Same—Action for Willful Injuries—Issues and Proof.**
In order for the employe to maintain an action against his employer engaged in a hazardous occupation that comes within said act for willful injury inflicted by the employer, it is necessary for the employe to allege and prove the injuries were willfully inflicted by the employer.

### 3. Same—Failure of Proof.

The record examined, and held, there was no evidence offered that tended to show that the injuries received were willfully inflicted by the employer, and it was error for the trial court to overrule a demurrer to the evidence, for want of jurisdiction of the court of the subject-matter.

Error from Superior Court, Okmulgee County; R. E. Simpson, Judge.

Action by Mike Ross against the United States Zinc Company for damages for personal injuries. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Shell S. Bassett, for plaintiff in error.

Morgan, Pinkerton & Hepburn, for defendant in error.

McNEILL, J. This action was commenced in the superior court of Okmulgee county by Mike Ross against the United States Zinc Company to recover damages for injury received to his hand while in the discharge of his duty, operating a rock crusher in a smelter as an employe of the company.

The negligence alleged consisted in this, to wit: That the crusher was a machine consisting of cogs, gears, and rollers, and should have been guarded by a covering or apron, but the defendant company recklessly, wantonly, and negligently maintained and operated said crusher, without any guard, in a manner and condition to be dangerous to employes, and especially to the plaintiff, and that said crusher was not guarded in any way to prevent accident or injury.

The defendant filed a demurrer to the petition, challenging the jurisdiction of the court of the subject-matter, which demurrer was overruled by the court, and an exception saved. The defendant then filed an answer. The defendant at the trial objected to the introduction of any testimony, for the reason the court had no jurisdiction of the subject of the action. At the close of plaintiff's testimony, the defendant interposed a demurrer to the evidence for the reason the evidence disclosed the court had no jurisdiction of the subject of the action, and at the close of all the testimony the defendant asked the court to instruct the jury to return a verdict for the defendant, for the reason the court had no jurisdiction of the subject of the action. Exceptions were saved to the ruling of the court, and the cause was submitted to the jury, and the jury returned a verdict in favor of the plaintiff and against the defendant. From said judgment the defendant has appealed.

The assignments of error are: The court erred in overruling the demurrer to the petition, and in overruling the demurrer to the evidence of plaintiff, and in failing to instruct the jury to return a verdict for the defendant for the reason the court had no jurisdiction of the subject of the action, and erred in refusing to permit the defendant to introduce certain testimony, and erred in giving the instruction No. 8. The question for determination is whether the court had any jurisdiction of the subject of the action by reason of chapter 246, Session Laws 1915, being the Workmen's Compensation Act. Section 2 of article 2 of said act provides that compensation provided in said act for injured employes resulting from accident, shall be exclusive, subject, however. to certain exceptions. There is no contention that this case comes within any of the exceptions. Section 2, article 6, of said act provides, in substance: The right of action for damages for personal injuries, not resulting in death, except the right reserved to the Industrial Commission, is abrogated, and the jurisdiction of the courts is abolished.

This court had occasion to construe chapter 246, Session Laws 1915, in the case of Adams v. Iten Biscuit Co., 63 Okla. 52, 162 Pac. 938, and held, in substance, that the Workmen's Compensation Act provided compensation for injuries not resulting in death, whether occurring from the neglect of the employer or not, arising out of or in the course of employment, and the remedy there provided was exclusive, but did not include willful injuries inflicted by the employer, but leaves the employe to his remedy by action as heretofore. The force and effect of this holding is that the county, superior, or district courts are deprived of jurisdiction to hear and determine actions for damages for personal injuries by employes engaged in hazardous employment, enumerated in said act, when the employe is in the discharge of his duty, unless the injury was willfully inflicted by the employer

The plaintiff having alleged and proved that he was an employe engaged in a hazardous employment, within the meaning of the Workmen's Compensation Act, and that the the injury occurred in the course of his employment, it became necessary for him to allege and prove that the injury was a willful and intentional injury inflicted by the employer. The defendant in error in his brief says that this case does not come ewithin the purview of the Workmen's Compensation Act, for the reason the injury was not accidental, in the sense in which the bill was enacted to govern, but was willful and intentional to this

extent, that the machinery at which claimant was injured was so poorly constructed and so carelessly managed that a willful injury resulted to the employe. Whether the petition alleged sufficient facts to state a cause of action, that would give the superior court jurisdiction of the subject of the action, we will not determine. We will consider whether the evidence was sufficient to make out a case that the court had jurisdiction of, and authorize the court to submit the case to the jury.

The plaintiff testified he had been working at the crusher almost five months. The evidence describing the crusher is somewhat vague and indefinite, but describes the same as a rock crusher consisting of a couple of large rollers several feet in length run by a belt and pulley, and when the machinery is in motion the rollers revolve in opposite directions. The ore is brought to the rollers by means of an elevator and chute, and then passes on and through the rollers and is crushed. There is a pit around the roller. The evidence is uncontradicted that the machinery is guarded by a railing made of 2x4's placed several feet away from the rollers. When the ore is wet or when large lumps of ore come in contact with the roller, it has a tendency to choke up the crusher, and it was the duty of the plaintiff when the crusher began to choke up to remove the large lumps of ore or clean off the rollers and thereby permit the ore to pass through the rollers. This was done with a small piece of iron, about 18 inches long, with a small hook at the end. The evidence is somewhat conflicting as to whether a party to remove the large lumps of ore from the rollers should stand inside the railing or outside the railing. The plaintiff on the day in question was standing on the inside of the railing, trying to remove some large lumps of ore with the hook, which was furnished by the company, and while in the discharge of this duty, in some manner, not disclosed by the evidence, his hand got caught between the rollers and very severely injured. There was no apron or covering over the rollers. The only thing over the rollers was a portion of the chute or the hopper which permitted the ore to pass down and on to the rollers, and this extended about an inch below the top of the rollers.

There is no evidence in the record that the usual and customary way or manner of guarding a machine of this kind is by using a covering or apron over the rollers, nor is there any evidence that the crusher could be successfully operated with an apron or covering over the rollers. There is evidence in the record that the crusher was guarded as other crushers are guarded in similar plants of this kind and character. There is evidence in the record, and it is undisputed, that it would be very inconvenient or impracticable to place an apron or covering over the rollers, for the reason every time the machinery would choke up it would be necessary to remove the apron or covering before the large lumps of ore could be removed. The crusher is supplied with a belt shifter, for the purpose of shifting the belt, and thereby stopping the rollers without stopping the rest of the machinery, and if the crusher is choked up, it can be cleaned out by doing this. This in substance is all of the evidence in the record. The company, however, offered evidence to prove that the assistant factory inspector had inspected the plant and made no complaint or suggestion regarding the way the machinery was guarded or that it was necessary for any additional guards to be placed around the machinery. The court refused this offered testimony. The company also offered evidence to prove that it was customary for the workmen to hold monthly meetings and discuss the question of insufficient guards around the machinery, and that the plaintiff himself attended those meetings, and while the workmen had discussed the question of guarding the rollers, they had never come to any conclusion or agreement that the guards around the rollers were insufficient or could be improved. Is this evidence sufficient to support an allegation that the injury was inflicted by the willful and intentional act of the employer? This court had occasion to define the word "willful" in the case of Wick v. Gunn, 66 Okla. 316, 169 Pac. 1087, where this court stated as follows:

"The willfulness contemplated amounts to more than a mere act of the will, and carries with it the idea of premeditation, obstinacy, and intentional wrongdoing. The burden is upon the employer to show that the failure of the claimant comes within the exception defined by statute."

The court cited with approval numerous cases where the word "willful" was defined. In the case above cited the employer was defending upon the theory that the injury was caused by the willful act of the employe. In the instant case the employe is prosecuting his claim on the theory the injury was inflicted by the willful act of the employer. There is no evidence that even tends to prove the injury was inflicted by the willful and intentional acts of the company. Defendant in error, however, contends the machinery was operated in open and flagrant violation of the Factory Act, section 3746, Rev.

Laws 1910, and this amounted to such gross negligence as to amount to a willful and intentional act of the company. Said section provides for machinery to be provided with belt shifters for the purpose of throwing belts on or off pulleys wherever practicable. It is admitted in this case that these rollers were operated by loose pulleys and belt shifters. The section then provides that the machinery shall be properly guarded. Said section further provides, if the machinery or any part is not properly guarded, the use may be prohibited by the factory inspector, and notice to that effect shall be attached thereto and said notice shall not be removed until the machinery is made safe and the safeguards are provided, and in the meantime, such unsafe or dangerous machinery shall not be used. There is no evidence of any complaint, no evidence that the factory inspector considered the machinery not properly guarded. The statute makes no provision for guarding crushers with aprons or covering over the rollers; there is no evidence it was the usual or customary manner of guarding such machinery, or that it would be practicable. No cases are cited to support the theory that an injury received under like circumstances has ever been decided by any court to be a willful injury, or one not coming within the Workmen's Compensation Act. If such a construction were placed upon the act, it would nullify the act, because every injury could be defined to be a willful and intentional injury, if this evidence is sufficient to support a judgment of a willful and intentional injury.

Whether negligence in operating machinery by failure to properly safeguard the same could be held to amount to such gross negligence as to amount to a willful and intentional injury inflicted by the employer, it is unnecessary for us to decide, nor is it necessary for us to decide whether the petition could be construed to state a cause of action, but the undisputed evidence in the case disclosed that this is not such a case, and the court had no jurisdiction of the subject of the action. It is sufficient to say, there is no evidence in the record that in the slightest degree would tend to substantiate the allegations that this was a willful and intentional injury inflicted by the employer.

For the reasons stated, the judgment of the court is reversed, and remanded, with directions to the trial court to set aside the judgment and grant the plaintiff in error a new trial.

JOHNSON, ELTING, KENNAMER, and NICHOLSON, JJ., concur.