LUGI CALDANA, Respondent, *v.* GEORGE BUEZENBURG and Another, Appellants.

MARIA ANTONIA CALDANA, Respondent, *v.* GEORGE BUEZENBURG and Another, Appellants.

Fourth Department, June 29, 1923.

Negligence — action to recover for injuries suffered while working as farm laborer — injury was caused by negligence of fellow-servant — plaintiff and employer elected under Workmen's Compensation Law, § 2, as amd. in 1916 and 1917, to become subject thereto — plaintiff is bound by election — defense on part of employer and fellow-servant is good.

The plaintiff who was injured through the negligence of a fellow-servant while engaged at farm labor is subject to the Workmen's Compensation Law, since it appears that the plaintiff and his employer, one of the defendants herein, jointly elected under section 2 of the Workmen's Compensation Law (as amd. by Laws of 1916, chap. 622, and Laws of 1917, chap. 705) to become subject thereto, and the definition of "employee" in subdivision 4 of section 3 of the Workmen's Compensation Law, which excludes farm laborers, does not prevent a farm laborer and his employer from electing to become subject to the law.

Accordingly, it was error in this action to recover damages for injuries suffered to strike out a separate defense on the part of the employer and the fellow-servant whose negligence caused the injury, which alleged that the plaintiff and the defendant employer had elected to become subject to the Workmen's Compensation Law.

It was error to strike out the defense as to the fellow-servant for he is entitled to the same defense as his employer.

DAVIS, J., dissents.

APPEAL by the defendants, George Buezenburg and another, in each of the above-entitled actions from separate orders of the Supreme Court, made in each action at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 28th day of February, 1923, granting the motions of the respective plaintiffs to strike out the second separate and complete defense contained in the second amended answer of each of the defendants upon the ground that it is insufficient in law upon the face thereof.

The first above-entitled action is an action by the husband of the plaintiff in the second above-entitled action for the loss of his wife's services and consortium. The wife's action is for personal injuries.

*Harold J. Adams* [*Percy R. Smith*, of counsel], for the appellants.

*Grass & Grass* [*Julius A. Grass* of counsel], for the respondents.

HUBBS, P. J.:

The complaint in the second above-entitled action alleges that the defendant Buezenburg was engaged in farming and that the defendant Burnham was his employee engaged in such business; that the plaintiff was in the employ of the defendant Buezenburg as a picker and farm hand; that she was injured solely through the negligence of the defendants. The separate answer of each defendant alleges " that the plaintiff at the time of her alleged injuries was in the employ of the partnership of Buezenburg and Taft in the farming operations of the said partnership at North Collins, New York; that prior to the date of the alleged accident the plaintiff and the said firm of Buezenburg and Taft elected pursuant to Article 1, Section 2, Group 45, of the Workmen's Compensation Law, to become subject to the provisions of said law." It further alleges that said firm had complied with the provisions of said law and that the plaintiff's remedy was under said law and that she had no right of action under the common law. Similar allegations appear in the husband's complaint and like separate defenses are contained in the separate answer of each defendant therein. The injuries were sustained on August 13, 1921.

A motion was made by the plaintiffs in said actions to strike out said defense from the separate answer of each defendant upon the ground that it is insufficient in law upon the face thereof. The motion was granted. The decision was placed upon the ground that farm laborers could not be included under the Workmen's Compensation Law. The Workmen's Compensation Law was revised by chapter 615 of the Laws of 1922 (Consol. Laws, chap. 67) to take effect July 1, 1922, but the liability of an employer to pay compensation is controlled by the statute in force at the time of the accident. (See *Rugg* v. *Norwich Hospital Association*, 205 App. Div. 174, 176.)

The Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41) provided, in section 2, as follows: " Compensation provided for in this chapter shall be payable for injuries sustained or death incurred by employees engaged in the following hazardous employments: " Then followed forty-two groups of hazardous employments.

Section 3, " Definitions," included the following:

" 1. ' Hazardous employment ' means a work or occupation described in section two of this chapter.    *    *    *

" 4. ' Employee ' means a person who is engaged in a hazardous

employment in the service of an employer carrying on or conducting the same upon the premises or at the plant, or in the course of his employment away from the plant of his employer; *and shall not include farm laborers* or domestic servants."

Only those who were engaged in a hazardous employment as defined by said chapter, that is, those coming within the forty-two groups given under section 2, were covered by the act. To make it clear that the act should not be construed as bringing farm laborers and domestic servants within it, the provision was incorporated expressly excluding them. The courts gave effect to said provision and held that farm laborers were not covered by the act. (*Brockett* v. *Mietz,* 184 App. Div. 342; *Mullen* v. *Little,* 186 id. 169.)

The Workmen's Compensation Law was amended by chapter 622 of the Laws of 1916, and re-enacted by chapter 705 of the Laws of 1917, and a provision was added to section 2 which reads, so far as material here, as follows: "Any employer not carrying on one of the employments enumerated in this section, or who carrying on one of such employments has in his employ an employee not included within the term 'employee' as defined by section three of this chapter, and the employees of any such employer may, by their joint election, elect to become subject to the provisions of this chapter in the manner hereinafter provided. * * * The rights and remedies, benefits and liabilities of an employer or employee so electing to become subject to the provisions of this chapter shall thereupon become the same as they would have been had they been engaged in one of the occupations or employments enumerated herein and the words employer or employee wherever they appear in this chapter shall be construed as including an employer or employee who has so elected to become subject to its provisions."

The acts of 1916 and 1917 also added other groups to section 2 and modified the definition of "employee" but continued the exception of farm laborers and domestic servants. Chapter 634 of the Laws of 1918 added second group 45 to section 2, which brought under the statute all other employments not theretofore enumerated where four or more workmen were employed, and farm laborers were expressly excepted. No other amendments to the act, which are material here, were made down to the date of the accident in question, but it may be stated generally that other groups were added to section 2 of the act.

The object of the amendments of 1916 and 1917, above quoted, was manifestly to extend the provisions of the act to others than those expressly specified therein, by permitting the employer and employees to elect, jointly, to become subject to the provisions of the act. The original act expressly excluded farm laborers

from its provisions. The amendment quoted does not contain any such exception. It is general in its terms and provides: "Any employer * * * and the employees of any such employer may, by their joint election, elect to become subject to the provisions of this chapter."

It is true that the words "shall not include farm laborers or domestic servants" were still retained as a part of subdivision 4 of section 3 by the amendments of 1916 and 1917, under the definition of "employee" and also in second group 45 of section 2, as added by the amendment of 1918. It is urged that the definition of the word "employee" expressly excluded farm laborers from the provisions of the chapter and, therefore, that they are not included by the provision of the amendment which permits others than those specified in the groups defined as engaged in hazardous employments to come within the act by their joint election. Those covered by the forty-seven groups defined as engaged in hazardous employments are necessarily within the act, and those do not include farm laborers. The amendment permits others to become subject to the provisions of the chapter by their joint election, and such permission to become subject to the provisions of the act by their joint election does not expressly exclude farm laborers from so doing. The reason is clear. The original act was not intended to cover farm laborers and, to make it certain, so stated in order that they might not, by construction, be held to come within the general definitions. The legislative intent still remains the same — that they shall not be included within the general definitions and provisions of the act or be held to come within any one of the forty-seven groups — and for that reason the express provision "except farm laborers" was permitted to stand, and it is only where the farm employer and employee jointly elect to become subject to the provisions of the chapter by complying with the provisions of section 2 that they are subject to the terms of the statute. They are not necessarily under the provisions of the statute, as are the members of the forty-seven groups, but they are privileged to jointly elect with the employer to come under the statute. The Special Term was in error in striking out the separate defense.

At the time of the accident, section 11 (as amd. by Laws of 1916, chap. 622) read as follows: "The liability of an employer prescribed by the last preceding section shall be exclusive and in place of any other liability whatsoever, to such employee, his personal representatives * * *," and section 29 (as amd. by Laws of 1917, chap. 705) read as follows: "If an employee entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or

in case of death, his dependents, shall, before any suit or any award under this chapter, elect whether to take compensation under this chapter or to pursue his remedy against such other.   *   *   *."
From the wording of those sections it seems clear that the defense which is available to the employer is also available to his employee, the fellow-servant of the plaintiff.   It was error, therefore, to strike out said separate defense from the answer of the defendant Burnham.   (*Peet* v. *Mills*, 76 Wash. 437.)

The question of whether or not the plaintiff was in the service of the employer at the time of the accident cannot be determined upon this motion, as the determination of that question will depend upon the proof at the trial.   The order in each action should be reversed, with ten dollars costs, and the motion denied, with ten dollars costs.

All concur, except DAVIS, J., who dissents and votes for affirmance.

In each case: Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.