## INVADER OIL & REFINING CO. v. RIDENHOUR.

No 14563—Opinion Filed July 7, 1925.

Rehearing Denied Sept. 29, 1925.

**1. Master and Servant—Workmen's Compensation Law—Exclusiveness of Remedy.**

The liability prescribed in the Workmen's Compensation Act, before the State Industrial Commission, shall be exclusive, unless the employer has failed to secure the payment of compensation to his injured employe, as provided in the act.

**2. Same—Test of Liability.**

The test of liability under the Workmen's Compensation Law for injuries arising out of and in the course of employment is not the master's dereliction, whether his own or that of his representatives acting within the scope of their authority, but is the relation of the service to the injury, of the employment to the risk.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by W. A. Ridenhour against Invader Oil & Refining Company. Judgment for plaintiff, and defendant appeals. Reversed.

James W. Cosgrove, for plaintiff in error.

Neff & Neff and Harry G. Davis, for defendant in error.

Opinion by MAXEY, C. The parties will be referred to as they appeared in the trial court. W. A. Ridenhour brought this action in the district court of Muskogee county to recover damages for personal injuries sustained by him. At the time of the accident, on or about October 18, 1921, plaintiff was employed by the Invader Oil & Refining Company, and his left leg was injured when the rear wheel of an automobile truck toppled over against his foot and lower leg, while he and another employe, by the name of R. G. Luttrell, were engaged in putting said wheel back upon the axle on said truck.

The pertinent part of plaintiff's amended petition alleges that the defendant is a domestic corporation, engaged in the production and refining of oils, and that it piped the oil from its wells to transportation lines, and was by said lines conveyed to the refinery and other manufacturing plants, and that after the oil was refined and gotten ready for market, it was transported to a plant belonging to the defendant on 10th street in the city of Muskogee, and there stored in tanks, and that the plaintiff and four others were engaged and employed as truck drivers, whose duty it was to fill the tanks with oil and gasoline and take it to the adjoining towns surrounding Muskogee and sell same to filling stations, garages, and other places using oil and gasoline. The principal duty of the truck drivers was to drive the trucks to the different towns and dispose of the gas and oil. It was customary that when a truck driven by any of the drivers got out of order, the drivers repaired the same, if it was such break or adjustment as they could repair, and on this particular day, on which the defendant was injured, R. G. Luttrell was having some trouble repairing his truck and needed someone else to assist him, and the plaintiff, Ridenhour, was directed by the manager to assist Luttrell in repairing his truck. Both Luttrell and Ridenhour were in the employ of the defendant as truck drivers, and were performing labor at the time of the accident within the line of their employment.

After the suit was brought and before the case was tried, the plaintiff amended his petition, and to the amended petition the defendant filed a motion to dismiss the action on the ground that the trial court had no jurisdiction over the subject-matter of the action, and contended that the case was properly cognizable in the Industrial Commission. The court overruled the motion to dismiss and the case went to trial. The defendant objected to the introduction of any testimony under plaintiff's petition on the ground that the court was without jurisdiction to try the same, which was overruled. Defendant excepted, and at the close of plaintiff's testimony, the defendant demurred to the plaintiff's evidence, among other grounds, on a lack of jurisdiction in the court to try that case. This demurrer was overruled and the defendant excepted, and at the close of all the testimony, the defendant moved the court for a directed verdict, among other grounds, that the court did not have jurisdiction to try the case. This motion was overruled and exceptions saved, and the case was submitted to the jury, and the jury found the verdict in favor of the plaintiff, and after unsuccessful motion for a new trial, defendant appealed

the case to this court, and it is now before us for review.

The plaintiff in error has filed a number of specifications of error. A number of these specifications of error attack the jurisdiction of the trial court to hear and determine the case and insist that the Industrial Commission has exclusive jurisdiction of the case. There are several other errors alleged and assigned in the brief, but under our view of the law, we are met right at the threshold of our consideration of the case with the question of jurisdiction, and we will first dispose of that and if we determine that the court did not have jurisdiction, it will not be necessary to review the other errors assigned. In determining the question of jurisdiction, it will be necessary to examine the Workmen's Compensation Law in force in this state. Section 7283, Comp. St. 1921, designates the employment which shall be included within the Workmen's Compensation Law, and is as follows:

"Compensation provided for in this act shall be payable for injuries sustained by employes engaged in the following hazardous employments, to wit: Factories, mills and workshops where machinery is used, * * * gasoline plants, oil refineries and allied plants and works, * * * reduction works, * * * transfer and storage. * * * "

Section 7284, Comp. St. 1921, defining "hazardous employment," is as follows:

"As used in this act, 'hazardous employment' shall mean manual or mechanical work, or labor connected with, or incident to one of the industries, plants, factories, lines, occupations or trades mentioned in section 2 of this act, but shall not include anyone engaged in agriculture, horticulture, or dairy or stock raising, or in operating any steam railroad engaged in interstate commerce."

And section 7285, Comp. St. 1921, provides:

"Every employer subject to the provisions of this act shall pay, or provide as required by this act, compensation according to the schedules of this article for the disability of his employe resulting from an accidental personal injury, sustained by the employe, arising out of and in the course of his employment, without regard to fault as a cause of such injury; * * * Provided, that the provisions of this act shall not apply to any employer unless he shall employ more than two workmen. * * * "

Section 7286, Comp. St. 1921, provides that the liability prescribed in the Workmen's Compensation Act, before the State Industrial Commission, shall be exclusive, unless the employer has failed to secure the payment of compensation to his injured employe, as provided in the act.

Paragraph 10 of section 7284, Compiled Stats. 1921, defines what "factory" means under said law, and paragraph 11 of the same section, defines "workshop." It will be observed from section 7284, that the hazardous employments mentioned in said section included manual or mechanical work or labor connected with or incident to one of the industries, plants, factories, lines, occupations or trades mentioned in section 7283.

The question herein presented is, whether at the time Ridenhour was assisting Luttrel in repairing his trucks, he was in the performance of the duty for which he was employed. This truck was being prepared in the yard of the plant of the defendant located at 40th street in the city of Muskogee. The question involved here has been frequently before this court and a review of a few of the cases will settle the laws of this case.

In the case of Hogan v. State Industrial Commission, 86 Okla. 161, 207 Pac. 303, the facts were as follows:

"That on December 16, 1919, the respondent, T. R. Hogan, was operating a cotton gin at Wilburton, Okla., under the name of Wilburton Gin Company, and on that day had in his employ a superintendent and a ginner, the latter being named Green. On that day the claimant, James Otto Cherry, hauled a load of cotton to the gin, arriving about 10 o'clock a. m., and finding a number of wagons to be unloaded ahead of him, he waited there until about 1:30 p. m., and was at that time standing in the doorway at the gin room, which contained four gin stands in a row, running east and west. The west gin stand became clogged, and Green, the ginner, went to it, raised the breast, and asked Cherry, who was standing near by to help him hold it. Thereafter the east gin became clogged and Green went to that gin stand. The additional weight of the breast being thrown on Cherry caused his hand and arm to be pulled down into the saws, which so tore his hand and forearm that it was necessary to amputate his arm. Cherry had never worked around a cotton gin, and had never engaged in any other occupation than farming. Green had no authority from the respondent to employ additional help about the gin and Cherry did not understand that Green, or any one else, intended to pay him for rendering the assistance requested by Green, and Cherry did not expect pay for such assistance."

Under that state of facts, this court held that Cherry was not entitled to compensation under the Workmen's Compensation

Law, and plaintiff below relies upon this line of cases to establish the jurisdiction of this court.

There was a more recent case, which is very much in point—Harris v. Okla. Natural Gas Co., 91 Okla. 39, 216 Pac. 116. In that case the plaintiff, Charles J. Harris, was a farmer living near Cushing, and the defendant was drilling for oil and gas on a nearby farm, and Harris was standing by where they were drilling, watching the drilling operations, and no objections were ever made to his presence there, although he visited several times there. On the 8th day of January, 1918, while he was visiting the lease, the servants of the defendant were endeavoring to rig an oil cable in order that drilling could proceed. The servants of the defendant were having trouble in their work, and there were several other men who were standing near looking on, and they were asked to assist the servants in their work of adjusting the cable. The plaintiff was a farmer and knew nothing about such work, but he, with a number of persons, took hold of the spool and succeeded in partially lifting it, when one of the servants of the defendant placed under the spool some kind of a support made of timber to hold the spool until those lifting it could take new positions. This support proved inadequate and collapsed under the weight of the cable and caused the spool to fall upon plaintiff's bended knee, breaking and dislocating the bones of his leg and knee. In this case, this court held that Harris was not an employe of the Oklahoma Natural Gas Company at the time he was injured, and that the Industrial Commission had no jurisdiction, and that the case was properly brought in the district court. The court in the Harris Case followed the case of Hogan v. State Industrial Commission, supra, and we think that case, as well as the Harris Case, is equally applicable to this case, and that the trial court erred in overruling the plea to the jurisdiction of the court, and also erred in overruling the demurrer to the evidence, and the motion for a directed verdict. We think the case comes clearly under the jurisdiction of the Industrial Commission.

There is no question but what Ridenhour was an employe of the Invader Oil & Gas Company. The Invader Oil & Gas Company was carrying compensation insurance. In fact, the evidence shows that the insurance carrier paid the plaintiff's doctor bills for treating the injury and that they tendered him first month compensation, and that he refused to receive the compensation. It is insisted by the plaintiff that he was not doing work that was strictly in his line of employment, but he was doing work that was an incident to his employment, and under the decisions of this court, we think the case comes clearly under the jurisdiction of the Industrial Commission. See, also, Stasmos v. State Industrial Commission, 80 Okla. 221, 195 Pac. 762; U. S. Zinc Company v. Ross, 87 Okla. 21, 208 Pac. 805; Superior Smokeless Coal & Mining Company v. Hise, 89 Okla. 70, 213 Pac. 303.

We are clearly of the opinion that the district court did not have jurisdiction to try the case, and the case should be reversed and remanded to the trial court, with directions to set aside the judgment heretofore rendered and dismiss the cause of action.

By the Court: It is so ordered.

Note.—See under (1) Workmen's Compensation Acts, C. J. p. 135, § 154; anno. L. R. A. 1917D, p. 93; 28 R. C. L. 829; 5 R. C. L. Supp. p. 1582. (2) Workmen's Compensation Acts, C. J. p. 62, § 53 (1926 Anno).