## THOMPSON v. KIESTER et al.

No. 18573. Opinion Filed Jan. 7, 1930.

Commissioners' Opinion, Division No. 1.

Ross & Thurman and Roy F. Ford, for plaintiff in error.

A. F. Moss, O. H. Searcy, H. R. Young, and S. J. Montgomery, for defendants in error.

FOSTER, C. The plaintiff brought a common-law action for damages for personal injuries against the defendants, and the district court of Tulsa county sustained a demurrer to the evidence, from which the plaintiff appeals. The parties appear as in the trial court.

The plaintiff was employed by one R. H. Hickey, who was a rig contractor, building and repairing rigs for the Prairie Oil & Gas Company on a lease owned by that company. The defendants were drilling contractors employed by the Prairie Oil & Gas Company. Pursuant to instructions of the Prairie Oil & Gas Company, Hickey sent the plaintiff and two other men to repair a rig at the well where the defendants were drilling. While so engaged the boiler used by the defendants exploded and caused an injury to the plaintiff. Both the defendants and Hickey carried compensation insurance.

The plaintiff filed an action before the Industrial Commission, but asked that the same be held in abeyance until the final decision of this case, which was granted. He then filed this case in the district court of Tulsa county.

The first proposition presented by this appeal is whether or not the trial court had jurisdiction of this cause.

It is the contention of the plaintiff that, under the facts in this case, the defendants were third persons, not in the same employ as the plaintiff, and that under the Workmen's Compensation Act plaintiff had a right to elect whether he would take compensation under the act or pursue his remedy against the defendants in a law court. On the other hand, the defendants contend that both plaintiff and defendants were in the same employ as used in the Compensation Act, and that the Industrial Commission of this state has exclusive jurisdiction.

The sections of the statute over which this controversy arose are section 7285, C. O. S. 1921, as amended by the 1923 Session Laws, c. 61, s. 3, and section 7302, C. O. S. 1921, which are as follows:

"Sec. 7285. **Compensation for Disabilities —Exceptions.** 2. Every employer subject to the provisions of this act shall pay, or provide as required by this act, compensation according to the schedules of this article for the disability of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment, without regard to fault as a cause of such injury, except where the injury is occasioned by the willful intention of the injured employee to bring about injury to himself or of another, or where the injury results directly from the willful failure of the injured employee to use a guard or protection against accident furnished for his use pursuant to any statute, or by order of the State Labor Commissioner, or results directly from the intoxication of the injured employee while on duty; provided, that the provisions of this act shall not apply to any employer if he shall employ less than two workmen; and provided. further, that the liability of any person, firm or corporation having an interest in the subject-matter, employers and contracting employers, general or intermediate, for compensation under this act, when other than the immediate employer of the injured employee, shall be as follows:

"1. In the absence of provisions to the contrary in any contract with an independent contractor, such independent contractor shall be conclusively presumed to have agreed, as a part of the terms of the contract, that he will comply with the Workmen's Compensation Laws of this state, and in case of a failure to do so, the person procuring such work to be done by independent contractors, may declare such failure a substantial violation of the contract, and terminate the same at his or their option. All unpaid balances due under such contract, or so much thereof as may be reasonably necessary, may be retained as indemnity against compensation claims under the Workmen's Compensation Act of this state. The independent contractor shall, at all times, be liable for compensation due to his direct employees, or the employees of any subcontractor of such independent contractor, and the principal employer shall also be liable in the manner hereinafter specified for compensation due all such employees.

"Provided, however, that for the purposes of this act, a lessor or sublessor shall be deemed not to be one having an interest in the subject-matter, the principal employer, contracting employer, employer, general, intermediate, or immediate, independent contractor or intermediate contractor, or the lessee or of any subsequent sublessee, or of the employees of the lessee, or of any subsequent lessee, including the employees of the subcontractors of the lessee or of any subsequent sublessee.

"2. The person entitled to such compensation shall have the right to recover the same directly from his immediate employer, the independent contractor or intermediate contractor, and such claims may be presented against all of such persons in one proceeding. If it appears that the principal employer has failed to require a compliance with the Workmen's Compensation Law of this state, by his or their independent contractor, then such employee may also proceed in the same investigation or case against such principal employer. If it shall be made to appear in such proceeding that the principal employer has failed to require a compliance with this act by his independent contractor, then such principal employer shall be liable for all such injuries to employees of his independent contractor, or the subcontractor of such independent contractor. If it appears in such proceeding that the principal employer is liable for compensation under the terms of this act, and the subcontractors of the independent contractor, and their sureties, are also liable, then judgment or order shall be issued against all of such parties, and execution may be issued therefor, but such execution shall first be enforced against those found liable other than the principal employer, and will be enforced as against the principal employer only for the residue of such claim after exhausting the execution against others liable therefor. Payment of the compensation found due by any of the persons liable therefor, shall be complete satisfaction of the claim as to other parties, but any person

secondarily liable for such compensation shall have a cause of action against the person primarily liable for the recovery of any payment made on account thereof."

"Sec. 7302. **Damage by Wrong of Outsider—Whom to Prosecute—Election.** If a workman entitled to compensation under this act be injured by the negligence or wrong of another not in the same employ, such injured workman shall, before any suit or claim under this act, elect whether to take compensation under this act or to pursue his remedy against such other. Such election shall be evidenced in such manner as the commission may by rule or regulation prescribe. If he elects to take compensation under this act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this act for such case. The compromise of any such cause of action by the workman at any amount less than the compensation provided for by this act shall be made only with the written approval of the Commission, and otherwise with the written approval of the person or insurance carrier liable to pay the same."

At the outset we believe it may be conceded that, if this action falls within the jurisdiction of the Industrial Commission, such jurisdiction is exclusive, and the present action cannot be maintained; and if the plaintiff and defendants were "in the same employ," or were the employees of the same employer under the meaning and intention of the Compensation Act, then the jurisdiction of the Industrial Commission would be exclusive. Invader Oil Co. v. Ridenhour, 112 Okla. 52, 239 Pac. 910; Zinc Co. v. Ross, 87 Okla. 21, 208 Pac. 805; Brown v. Sinclair Co., 86 Okla. 143, 206 Pac. 1042; Compton v. Carter Oil Co., 283 Fed. 22; Adams v. Biscuit Co., 63 Okla. 52, 162 Pac. 938; Booth v. Cook et al., 79 Okla. 280, 193 Pac. 36.

Plaintiff admits that if he were an employee of the Prairie Oil & Gas Company, or in the same employ as the defendants, or an employee of the defendants, that the jurisdiction of the Industrial Commission is exclusive. But contends that since the plaintiff was hired by Hickey, paid by Hickey, and under the control of Hickey, he was in no manner an employee of the Prairie Oil & Gas Company. He also contends that the defendants are not employees, because they are independent contractors. At the time of the injury, the defendants had completed their contract to drill the well for the Prai-

rie Company, but were drilling the well deeper under an agreement with the Prairie, who were paying them $100 per day, the defendants furnishing the tools and the workmen necessary to do the drilling. Under the Compensation Act, we believe the defendants were employees of the Prairie Oil & Gas Company, at the time this injury occurred. That company not only designated the work to be done, but directed the manner in which it should be done. The case of Fox v. Dunning, 124 Okla. 229, 255 Pac. 582, we think, supports this conclusion.

Plaintiff, however, contends that in no event can he be considered an employee of the Prairie, or in the same employ as the defendants. Plaintiff cites Trumbull Cliffs Furnace Co. v. Schachovsky (Ohio) 146 N. E. 306, in which case it was held that an employee of an independent contractor was not the employee of the owner of the premises, and permitted an injured employee of the independent contractor to maintain an action at law against the owner. Under the Ohio law, it is provided that any person, other than the employer of the injured person, is a third person against whom an action at law can be brought. This statute differs from ours, in that our statute provides that the action can only be brought where the persons are not in the same employ. To the same effect as the Ohio case is the case of Artificial Ice & Cold Storage Co. v. Waltz (Ind.) 146 N. E. 826.

The defendants cite and rely upon the following cases: White v. Fuller Co. (Mass.) 114 N. E. 829; O'Boyle v. Parker-Young Co. (Vt.) 112 Atl. 385; Palumbo v. Geo. A. Fuller (Conn.) 122 Atl. 63; Qualp v. James Stewart Co. (Pa.) 109 Atl. 780; Federal Mining Co. v. Thomas, 99 Okla. 24, 225 Pac. 967; Aisenberg v. Adams (Conn.) 111 Atl. 591; Fox v. Dunning, 124 Okla. 229, 255 Pac. 582; Walker v. Von Wedel, 108 Okla. 292, 237 Pac. 86; Caldana v. Buezenburg, 200 N. Y. Supp. 468.

In the case of White v. Fuller, supra, the plaintiff was working for an independent contractor of the defendant and was injured by one of the defendant's employees. The question presented was the general contractor's liability to the injured employee.

A different situation is presented from that in the instant case. If the plaintiff in the case at bar were maintaining an action against the Prairie Company, the facts would be identical, but the plaintiff in the case at bar does not contend that the Prairie Company would be liable in a law action brought by this plaintiff. However, in dis-

cussing the case, the court said defendant's liability to compensate the plaintiff under the act would be the same if the careless workman were an employee of any of the 23 subcontractors so engaged on the building.

In the case of O'Boyle v. Parker-Young Co., supra, the plaintiff was employed by an independent contractor working for the defendant, and while so engaged was injured. The court held that the plaintiff was entitled to compensation from the defendant under the Vermont statute. In passing upon the case, the court said:

"It was the evident intention of the Legislature to make the person or persons, company or corporation, that for practical purposes was the proprietor or operator of the business being carried on, the 'employer,' as the word is used in the statute, though not actually the employer of the workmen by reason, among others, of there being an independent contractor who was the direct employer. Under the provisions of the statute quoted the true test is, Did the work being done pertain to the business, trade, or occupation of the defendant, carried on by it for pecuniary gain? If so, the fact that it was being done through the medium of an independent contractor would not relieve the defendant from liability."

While the facts differ from the instant case, we think the language used has more force in determining the meaning of the word "employee," or "in the same employ."

In the case of Palumbo v. George A. Fuller Co., supra, the plaintiff was injured while employed by one Cromie, who had a contract with the Sperry Company to remove loam from the cellar, and the Sperry Company in turn had a contract with the defendant to remove the same material. While the plaintiff was so engaged, Cromie requested him to assist the employees of the Sperry Company, and while doing so he was injured. Here again there is a direct line from the principal employer to the injured employee, and the question before the court was the liability of the principal employer. In construing the act, however, the Connecticut court said:

"Where there is an original contractor and a consecutive chain of subcontractors down to the workman receiving compensable injury, each contractor in such chain and his immediate employer is a principal employer as to the injured workman under section 5345."

The case of Qualp v. James Stewart Co., supra, had under consideration the construction of the Pennsylvania statute. This case,

like the others above referred to, and unlike the case at bar, had under consideration the liability of the principal employer, and there was a direct line from the defendant to the injured employee. The court, in discussing the case, said:

"The Stewart Company, as original contractor in control of the premises to perform the work it had engaged to do, is regarded by the Workmen's Compensation Law as the employer to those engaged on or about the work within the scope of the undertaking. * * * This relation of employer to those employed about the premises includes only those whose work is a part of that embraced within the terms of the employer's contract with the owner."

And further on in the opinion, the court has this to say:

"The act did not intend to limit the 'hiring a laborer' to a 'contractor' standing in immediate contractual relation with the employer. * * * It intended to include those laborers or employees who did work in furtherance of the employer's business, who were employed employed by any one having a lawful right or duty to engage in the business undertaken by the employer."

Federal Mining Co. v. Thomas, 99 Okla. 24, 225 Pac. 967, is an interesting case on independent contractors, and discusses at length what it takes to constitute the same. However, we do not deem it necessary to determine in this case whether or not the plaintiff was working for an independent contractor. The court, however, uses the following language:

"An independent contractor is one who exercise an independent employment; contracts to do a piece of work according to his own methods and without being subject to the control of his employer, except as to the result of his work."

If it were necessary to decide this question, we are doubtful whether the plaintiff's employer, Hickey, could qualify under the definition. That case, however, does hold that what constitutes an independent contractor is a question of fact, and if there is any evidence reasonably supporting the trial court, the same will not be disturbed on appeal.

In the case of Oklahoma Pipe Line Co. v. Lindsey, 113 Okla. 297, 241 Pac. 1092, the plaintiff was employed by S., who had a contract to drill a well for the defendant at a stipulated amount per foot, and was injured while so employed. It was held under the facts in that case that S. was not an independent contractor.

The case of Magnolia Petroleum Co. v. Pierce, 132 Okla. 167, 269 Pac. 1076, is also an interesting case on the question of independent contractor, holding, in effect, that the relationship of master and servant exists where the employer retains the right to direct not only what shall be done, but how it shall be done.

Without deciding, however, whether Hickey was an independent contractor, we think the record discloses sufficient evidence to show that the Prairie Oil & Gas Company not only directed what should be done, but how it should be done.

In the case of Fox v. Dunning, supra, Fox was working for the C. & P. Company, who had a contract with the defendant to lay the floor on the Brauiff building, the defendant being the principal contractor. Fox was injured, and it is held that the Industrial Commission had jurisdiction, and that C. & P. were not independent contractors, although they carried liability insurance. The language of the court in deciding that case, we think, is at least persuasive. The opinion quotes from Brooks v. Davis, 124 Okla. 140, 254 Pac. 66, as follows:

"The right of action vouchsafed the injured employee under the common law is abolished and a theory of compensation has been worked out and enacted to take the place of the common-law action. The purpose of the Workmen's Compensation Law is to make the industry prosecuted, if hazardous, bear the burden of human wreckage incident to its operation."

In discussing the effect of the Compensation Act as to common-law rights of the employer and insurance carrier, the court said:

"We do not agree with this, for we think the Workmen's Compensation Act in effect was reciprocal in eliminating common-law rights; it was compensatory to both employer and employee. To the employee the act provided a summary action; it insured the workman a living wage, when injured. As to both it took away a jury trial. As to the employer it created a maximum loss as well as making the amount of recovery certain."

The court further, in discussing what constitutes an employee, holds that it does not make an employee out of one who was not an employee theretofore, but extends his privileges and benefits, using the following language:

"The act does not make an employee out of one who was not an employee theretofore; it merely extends to him privileges and benefits that he previously did not enjoy by providing that a principal contractor 'shall be liable for compensation to any employee injured while in the employ of any of his intermediate or subcontractors and engaged upon the subject-matter of his contract, to the same extent as his immediate employer'."

The defendants also contend that when the jurisdiction of the Industrial Commission is exclusive as to an employer, it is also exclusive as to the employee causing the injury. They here contend it is admitted that, so far as the Prairie Oil & Gas Company is concerned, if the action were brought against that company, the Industrial Commission would have exclusive jurisdiction. Whether or not this is admitted, we think the decisions support this contention. Therefore, defendants contend that since they are employees of the Prairie Company, the Industrial Commission's jurisdiction would be exclusive as to them. In support of this contention they rely upon the case of Caldana v. Buezenburg, supra. We think there is merit to this contention. Although it may not be controlling, it is at least persuasive in favor of the defendants' contention. In the New York case relied upon, the court held that "the defense which is available to the employer, is also available to his employee."

Walker v. Von Wedel, supra, somewhat supports this contention. There an employer's physician was sued by an injured employee for alleged injuries caused by the physician; it being held that if the acts causing the injury were unskillful or unprofessional, the jurisdiction of the Industrial Commission was exclusive. But if they were malicious acts of the physician, then the common-law remedy would prevail. There is no allegation that the acts in the instant case were malicious.

The authorities relied upon present such a different state of facts that we are inclined to agree with the plaintiff that the question here presented is practically an original proposition without any precedent to guide us, and must be determined largely, if not entirely, from the statutes above quoted.

In the case at bar both Hickey, plaintiff's employer, and the defendants carried insurance as provided by the Compensation Act. The plaintiff and defendants were engaged in developing an oil and gas lease for a common general employer, the Prairie Oil & Gas Company. What may have con-

stituted an employee before the passage of the act, or what may constitute an employee now without reference to the act, we do not need here discuss nor decide. We think, under the facts such as are here presented, that the plaintiff and defendants were in the same employ as the term is used in the Compensation Act, and that the Legislature intended, as we think it had a right to do, that a person employed under such circumstances should seek his remedy before the Industrial Commission only.

The object of the employment of both plaintiff and defendants was to produce oil upon the lease owned by the Prairie Oil & Gas Company.

"The purpose of the Workmen's Compensation Law is to make the industry prosecuted, if hazardous, bear the burden of human wreckage incident to its operation." Fox v. Dunning, supra.

We do not think that the term "in the same employ," as used in the Compensation Act, was so limited that both parties must be hired and working directly under the same person. If they are engaged in the same general business, as shown by the facts here, and for the same general employers, they are in the same employ as intended by the act. Whether Hickey, plaintiff's employee, or the defendants are independent contractors, we do not need here determine. However, we do believe that the same rule as applied in determining who is an independent contractor is applicable in determining whether two parties are in the same employ. Under the Compensation Act, this, we think, is largely a question of fact to be determined by the facts and circumstances surrounding each individual case, and where there is any testimony reasonably supporting the finding of the trial court, the same will not be disturbed on appeal.

The plaintiff further contends that, under the sections above referred to, the jurisdiction of the Industrial Commission is not exclusive, for the reasons that the plaintiff could not recover compensation under the act against the defendants, and plaintiff is therefore entitled to maintain this common-law action. In support of this contention, plaintiff relies upon Cermak v. Milwaukee Air Pump Co. (Wis.) 211 N.W. 354. In this case the plaintiff, who was employed by an independent contractor or sub-contractor, brought an action against the general contractor. Both general contractor and subcontractor carried insurance. He

had previously recovered compensation under the Compensation Act of that state, and his immediate employer, as well as the insurance company, assigned to him any cause of action at common law which they might have. In deciding in favor of the plaintiff, the court said:

"In order to make the remedy provided by the Compensation Act the exclusive remedy of the plaintiff as against the defendant, it must appear that the Compensation Act makes the defendant liable to pay compensation to the plaintiff."

The facts in that case are different from the facts in the case at bar. The Wisconsin statute provides that common law actions may be maintained against others than the employers of the injured employee. This differs from the Oklahoma statute. However, three Justices dissented from the holding of the court in that case.

We cannot agree with this contention of the plaintiff. We think under our statute that an injured employee cannot collect compensation under the act from his co-employee, but, in such a case, the Industrial Commission has exclusive jurisdiction. This finding, we think, is supported by the cases of Walker v. Von Wedel, supra, and Caldana v. Buezenburg, supra.

Plaintiff also contends that the defendants plead in their answer that both Hickey and the defendants were subcontractors of the Prairie Oil & Gas Company. While this is true, the defendants also plead in another and separate paragraph of their answer that the defendants and plaintiff were co-employees of the Prairie Oil & Gas Company, and in another paragraph plead that the defendants were employees of the Prairie Oil & Gas Company, and that Hickey was a subcontractor.

Under our practice, the pleading of inconsistent defense is permissible, and we believe the defendants had a right to plead as many different inconsistent defenses as they desired, and may rely upon any one which the proof supports. To this effect, see the following cases by our court: Rosebaugh v. Jacobs, 83 Okla. 211, 201 Pac. 245; Thompson v. Rhyner, 86 Okla. 146, 206 Pac. 609; Covington v. Fisher, 22 Okla. 207, 97 Pac. 615; Emerson-Brantingham Implement Co. v. Ware, 71 Okla. 19, 174 Pac. 1066; Metcalf v. Glaze, 70 Okla. 137, 173 Pac. 446.

The other propositions presented by this appeal are as follows: (1) Whether the doctrine of res ipsa loquitur is applicable to a boiler explosion; (2) whether or not

plaintiff made an election of remedies; and (3) the sufficiency of the evidence.

Under our holding, as above set out, we are not called upon to determine these questions.

The judgment is affirmed.

TEEHEE, LEACH, REID, and JEFFREY, Commissioners, concur.

By the court: It is so ordered.

Note.—See Workmen's Compensation Acts —C. J. § 114, p. 115, n. 37.