Wanda FORESMAN, Administratrix, of the Estate of Ray Dean Rittenhouse, II, Deceased, Plaintiff,

v.

AIR SIESTA, INC., d/b/a McAllen Aviation and Kenneth W. Pemberton, Individually, Defendants.

Barbara McLEMORE, Administratrix of the Estate of Haskell McLemore, Deceased, Plaintiff,

v.

AIR SIESTA, INC., d/b/a McAllen Aviation, and Kenneth Pemberton, Individually, Defendants.

Nos. CIV–80–1297–D, CIV–80–1440–D.

United States District Court, W.D. Oklahoma.

April 20, 1982.

On Motion to Reconsider Oct. 14, 1982.

A.T. Elder, Jr., Oklahoma City, Okl., Duke Halley, Woodward, Okl., for plaintiff.

D.C. Johnston, Jr. and Burton J. Johnson, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

These cases are wrongful death actions arising out of a private plane crash in which the Plaintiffs' decedents were killed while returning to Woodward, Oklahoma, from a job site in Mexico. It is asserted that the Court has subject matter jurisdiction by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

The Court has recently entered an Order consolidating these cases. Currently at issue herein is a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(h)(3), Federal Rules of Civil Procedure, filed by Defendant Kenneth W. Pemberton, individually and d/b/a K & F Enterprises (Pemberton).[1] Defendant Pemberton contends in his Motion that these actions should be dismissed on the grounds that the Plaintiffs' exclusive remedy lies in the · Oklahoma Workers' Compensation Court. Said Motion is supported by a Brief and the Plaintiffs in both cases have filed Briefs in opposition thereto to which Defendant Pemberton has replied. Plaintiff Wanda Foresman has also filed a supplemental Brief in opposition to Defendant Pemberton's Motion to Dismiss.

In accordance with the guidelines set out in *Schramm v. Oakes,* 352 F.2d 143 (Tenth

---

1. On November 18, 1981, the Court entered an Order dropping K & F Enterprises and/or K & F Enterprises, Inc., as a party defendant in this case pursuant to Rule 21, Federal Rules of Civil Procedure, on motion of the Plaintiffs.

Cir.1965), an evidentiary hearing was conducted by the Court in connection with the instant Motion on October 15, 1981, so that the jurisdictional issue presented by Defendant Pemberton's Motion may be resolved prior to trial. At the hearing, a total of nine exhibits were admitted into evidence and the Court directed the parties to prepare and file proposed findings of facts and conclusions of law. As these proposed findings and conclusions have now been filed, this matter is ready for decision. Accordingly, based upon the evidence adduced and the arguments of counsel at the hearing on the instant Motion, the parties' proposed findings of fact and conclusions of law, and the Briefs on file in this case, the Court finds and concludes as follows.

On March 7, 1980, a plane operated by Defendant Air Siesta, Inc., d/b/a McAllen Aviation (Air Siesta), and piloted by one of .its employees, crashed in Mexico killing the pilot and six passengers, including the Plaintiffs' decedents. All of the passengers were employees of Pressure Control, Inc. (Pressure Control), which is an oil field service company specializing in "blowout" prevention. At the time of the crash, the Plaintiffs' decedents and their fellow passengers were returning to the United States after completion of their tour of duty on an off-shore rig in Campeche Bay, Mexico. As a result of the crash and the deaths of Plaintiffs' decedents, workers' compensation claims were filed on behalf of Plaintiffs' decedents against Pressure Control and its workers' compensation carrier in the Oklahoma Workers' Compensation Court.

The blowout prevention work on the off-shore rig in question was being done by Pressure Control pursuant to a contract with Wilson Industries, Inc. (Wilson), which is the United States contracting and supervising agency for Petroleos Mexicanos (Pemex) and controls all billings, invoicing and scheduling to be performed for Pemex. Defendant Pemberton also provided certain services for Wilson in Mexico pursuant to a written contract between Defendant Pemberton and Wilson. This contract was eventually assigned by Defendant Pemberton to K & F Enterprises, which is a private company owned entirely by Defendant Pemberton and which employed Defendant Pemberton at the time of the accident involved herein.

During the early term of the contract between Wilson and Pressure Control, Pressure Control crews were transported to Mexico by commercial airlines and by various charter aircraft furnished by independent operators, including Defendant Air Siesta. However, this arrangement proved unsatisfactory due to problems of standardization of aircraft capabilities and availability. Defendant Pemberton realized this problem and purchased a Piper Navajo aircraft which he immediately leased to Defendant Air Siesta. It was this aircraft that crashed thereby giving rise to this litigation.

As noted above, Defendant Pemberton asserts that these actions should be dismissed because the Plaintiffs' exclusive remedy lies in the Oklahoma Workers' Compensation Court. In this connection, Defendant Pemberton contends that under Oklahoma law, Plaintiffs are limited to their statutory workers' compensation remedy as employees (Plaintiffs' decedents) of a subcontractor (Pressure Control) may not sue the principal contractor (Wilson) or its agent (Defendant Pemberton) at common law, and therefore under 85 Okla.Stat.1971 § 12 the Oklahoma Workers' Compensation Court has exclusive jurisdiction over Plaintiffs' claims against Defendant Pemberton. It is Defendant Pemberton's position that the crash occurred while Plaintiffs' decedents were on a job-related flight in the course of performing work which was an integral part of the business of Wilson and Defendant Pemberton, and that at the time of the crash Pressure Control was engaged in work which was an essential part of the business of Wilson and Defendant Pemberton so that the immunity of Pressure Control from suits at common law extends to Wilson and Defendant Pemberton.

Plaintiffs respond that Defendant Pemberton was not an agent of Wilson but was merely an employee of K & F Enterprises and that Defendant Pemberton acted as an independent contractor in connection with the airplane lease arrangement with Defendant Air Siesta and as such entered into a joint venture with Defendant Air Siesta in an unrelated and outside investment so that Defendant Pemberton is jointly liable to Plaintiffs at common law with Defendant Air Siesta.

In Oklahoma both "vertical" and "horizontal" immunity from common law tort actions by injured workers have been recognized. With respect to vertical immunity, it has been held that a principal employer is immune from a common law tort action by an employee of a subcontractor if the task being performed by said employee is a necessary and integral part of the principal employer's day-to-day business operations or one that is within the range of activities customarily carried out by one in the principal employer's line of business. *Murphy v. Chickasha Mobile Homes, Inc.,* 611 P.2d 243, 244–245 (Okla.1980); *see* 85 Okla.Stat.Supp.1980 § 11 and 85 Okla.Stat. 1971 § 12. If the subcontractor is merely a medium through whom the principal employer is pursuing the day-to-day activities of his own business then the principal employer is immune from suit by such an employee by reason of the workers' compensation coverage by said subcontractor. *Murphy v. Chickasha Mobile Homes, Inc., supra.*

The evidence before the Court in the instant cases does not establish that the transportation of Plaintiffs' decedents at the time of their deaths was a necessary and integral part of the day-to-day business operations of either Pressure Control, Wilson or Pemex. Nor can the Court reasonably conclude from the record before it that the transportation of personnel to the off-shore rig in question was customarily carried out by either Pressure Control, Wilson or Pemex. Rather, it appears that Defendant Pemberton purchased the aircraft involved herein and leased the same to Air Siesta solely in his individual capacity without the express approval or authorization of Pemex, Wilson, Pressure Control or K & F Enterprises, and that he did so in an attempt to profit personally from the lease of the aircraft. Under these circumstances, the Court finds and concludes that Defendant Pemberton is not immune from the instant common law suits by virtue of the doctrine of vertical immunity.

Turning to the issue of horizontal immunity, the Oklahoma Supreme Court ruled in *O'Baugh v. Drilling Well Control, Inc.,* 609 P.2d 355 (Okla.1980), that independent contractors performing joint tasks with an injured party's employer are protected by the statutory remedy provided to such employee under the Workers' Compensation Act and as such are immune from suit by said employee. The Court in *O'Baugh* reaffirmed the test first set out in *Thompson v. Kiester,* 141 Okl. 69, 283 P. 1018 (1930), to determine whether the independent contractors were involved in the same employ. The critical factors to be considered are as follows:

> [a] both independent contractors on the job [b] at the time of the worker's injury [c] were in the process of performing a common task upon the work site ... [d] in a cooperative manner [e] for the same party—the "principal employer" [f] who specified the work to be done and the manner of getting it done, [g] although each of these contractors had a separate contract with the "principal employer".

*O'Baugh v. Drilling Well Control, Inc., supra,* 609 P.2d at 358.

In the instant cases, the accident giving rise to these actions did not arise at the job site while Pressure Control and Defendant Pemberton were in the process of performing a common task in a cooperative manner. Nor did the accident result from such work being performed for the principal employer, Wilson, in a manner specified by Wilson. Furthermore, it appears that at the time of the accident, only Pressure Control had a contract with Wilson as the contract between Wilson and Defendant Pemberton had been assigned by Defend-

ant Pemberton to K & F Enterprises prior to the accident. Thus, it is clear under the *O'Baugh* test set out above that Pressure Control and Defendant Pemberton were not in the same employ or performing joint tasks at the time of the accident giving rise to these cases. Accordingly, the Court determines that Defendant Pemberton is not immune from the instant common law suits by virtue of the doctrine of horizontal immunity.

In view of the foregoing, the Court finds and concludes that Defendant Pemberton is neither vertically nor horizontally immune from these suits by Plaintiff. Accordingly, this Court has subject matter jurisdiction of these actions and therefore Defendant Pemberton's Motion to Dismiss should be overruled.

### ON MOTION TO RECONSIDER

On April 20, 1982, the Court entered its Order in these consolidated wrongful death actions overruling the Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(h)(3), Federal Rules of Civil Procedure, filed herein by Defendant Kenneth W. Pemberton (Pemberton). Defendant Pemberton contended in his Motion to Dismiss that these actions should have been dismissed by this Court because the Plaintiffs' exclusive remedy lies with the Oklahoma Workers' Compensation Court. The Court noted in its Order that both "vertical" and "horizontal" immunity from common law tort actions by injured workers have been recognized in Oklahoma, and the Court determined that under the facts of the instant case, Defendant Pemberton was not immune from the instant common law suits by virtue of either the doctrine of vertical immunity set out in *Murphy v. Chickasha Mobile Homes, Inc.,* 611 P.2d 243 (Okla.1980), or the doctrine of horizontal immunity set out in *O'Baugh v. Drilling Well Control, Inc.,* 609 P.2d 355 (Okla. 1980).

Currently before the Court is Defendant Pemberton's Motion to Reconsider filed on May 3, 1982. Said Motion is supported by an affidavit of Defendant Pemberton and several related exhibits which were submitted to the Court on June 21, 1982.

In his Motion to Reconsider, Defendant Pemberton asks the Court to reconsider the issue of horizontal immunity in view of certain newly discovered evidence. Specifically, Defendant Pemberton asserts that the Court's statement at page 5 of its April 20th Order that "at the time of the accident, only Pressure Control had a contract with Wilson as the contract between Wilson and Defendant Pemberton had been assigned by Defendant Pemberton to K & F Enterprises prior to the accident" is in error. In this connection, the affidavit of Defendant Pemberton and the related exhibits submitted to the Court in support of the instant Motion indicate that Defendant Pemberton recently discovered that the contract in question had not been assigned by him to K & F Enterprises prior to the accident giving rise to these cases and that this assignment did not take place until September 18, 1981, more than eighteen months after the accident.

The Court noted in its April 20th Order that the Oklahoma Supreme Court ruled in *O'Baugh v. Drilling Well Control, Inc., supra,* that independent contractors performing joint tasks with an injured party's employer are protected by the statutory remedy provided to such employee under the Workers' Compensation Act and as such are immune from suit by said employee. The critical factors to be considered in determining whether the independent contractors were involved in the same employ were set out by the court in *O'Baugh* at 609 P.2d 358 as follows:

[a] both independent contractors on the job [b] at the time of the worker's injury [c] were in the process of performing a common task upon the work site ... [d] in a cooperative manner [e] for the same party—the "principal employer" [f] who specified the work to be done and the manner of getting it done, [g] although each of these contractors had a separate contract with the "principal employer".

In the instant case, the fact that both Defendant Pemberton and the decedents'

employer, Pressure Control, Inc., had separate contracts with the principal contractor, Wilson Industries, Inc., at the time of the accident is only one factor to be considered under the *O'Baugh* test. Nothing has been presented to dissuade the Court from its findings in its April 20th Order that the accident giving rise to these actions did not arise at the job site while Pressure Control, Inc., and Defendant Pemberton were in the process of performing a common task in a cooperative manner. Nor is the Court convinced that the accident resulted from such work being performed for the principal employer, Wilson Industries, Inc., in a manner specified by Wilson. Thus, after considering the new evidence submitted by Defendant Pemberton, it is clear that Defendant Pemberton has not met all the requirements under the *O'Baugh* test set out above. Accordingly, the Court again determines that Defendant Pemberton is not immune from the instant common law suits by virtue of the doctrine of horizontal immunity.[1]

The Court finds and concludes that Defendant Pemberton's Motion to Reconsider should be overruled.

---

1. Furthermore, the Court observes that the Oklahoma Supreme Court recently noted in *Newport v. Crane Service, Inc.,* 649 P.2d 765, 766, n. 6 (Okla.Sup.Ct., 1982):

   "The task-related test of O'Baugh ...—used to determine whether several contractors of a single hirer were jointly responsible for the performance of some common task on the job-site—was abrogated by the passage of H.B. 1707, effective March 26, 1982, Okla.Sess.L. 1982, pgs. 89–90."

   House Bill No. 1707 (1982 Session) amended 85 Okla.Stat.1981 § 12 to now read in pertinent part as follows:

   The liability prescribed in Section 11 of this title shall be exclusive and in place of all other liability of the employer and any of his employees, at common law or otherwise, for such injury, loss of services or death, to the employee, spouse, personal representative, parents, dependents, or any other person, ... provided (i) that the immunity created hereby shall not extend to action by an employee, spouse, personal representative, parents, dependents or any other person against another employer, or its employees, on the same job as the injured or deceased worker where such other employer does not stand in the position of an intermediate or principal employer to the immediate employer of the injured or deceased worker; ....